Isaac Hooper, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. It is not error in the judge, on the trial of an indictment for murder, to say to the jury that, in his opinion, the case rested on the law of murder, voluntary manslaughter, or justifiable homicide, if there be in fact no evidence from which it could be inferred that the killing was involuntary.

2. On the trial of an indictment for murder, the judge charged, among other things, as follows: " What I have read to you from the Code defining the different grades of the crime you are to take from the court as law. What the opinion of the court may be in its application to the case, you may consider and receive or reject, according to your conscientious convictions. It is presumed that the court is familiar with the law, and you ought to pay deference to those opinions and not contemptuously disregard them:"

*Held,* that this was not error. In the application of the law to the facts, the jury are judges of the law and facts, and whilst they should pay respect to the opinions of the judge, yet they have a right to make

such application, according to their own convictions of the truth of the case.

3. The sixth, seventh and eighth grounds of error in this case, objecting to the charge of the court as to the effect of opprobrious words and as to the right of deceased, under certain circumstances, to strike, and the character of the violence he would be authorized to use, are not well taken. There was evidence to justify the charge as given.

4. The verdict is sustained by the evidence, and ought not to be disturbed.

Criminal law. Charge of Court. Manslaughter. New trial. Before Judge POTTLE. Richmond Superior Court. October Adjourned Term, 1873.

Isaac Hooper was placed on trial for the murder of Howard Satterwhite, and found guilty. He moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in charging the jury as follows: " In the opinion of the court this case rests upon the law of murder, voluntary manslaughter, or of justifiable homicide. I have given you in charge all the grades of manslaughter, and but for the position of defendant's counsel, would not give you the law of involuntary manslaughter, notwithstanding this opinion, if you find from the testimony that the defendant unlawfully killed the deceased, without any intention to do so, you may find involuntary manslaughter, either in the commission of a lawful act or of an unlawful act."

2d. Because the verdict was contrary to the law and the evidence.

3d. *    *    *    *    *    *

4th. Because the court erred in the following charge: " What I have read you from the Code defining the different grades of crimes, you are to take from the court as law; what the opinion of the court may be in its applicatian to the case, you may receive or reject according to your conscientious convictions. It is presumed that the court is familiar with the law, and you ought to pay deference to those opinions, and not contemptuously disregard them. You have the right to do so if you honestly differ from the court."

5th. *    *    *    *    *    *    *    *

6th. Because the court, after charging in the language of the Code as to the justification of a battery by proof of opprobrious words, erred in charging as follows: "If the prisoner used opprobrious words to the deceased, the latter had the right to threaten, or to commit a battery, in reply to those words, and those words may or may not amount to a justification according to the nature or extent of the battery, all of which must be determined by the jury."

7th. Because the court erred in the following charge: "If the defendant approached the deceased in a threatening manner, using opprobrious words and armed with a deadly weapon, and if the deceased knew, or had reason to believe that the prisoner had a deadly weapon, and was then and there acting under the fears of a reasonable man that a felony was intended on him by violence or surprise, the deceased had a right to strike the prisoner, and if he did strike or intended to strike, (and the amount of force used by him is immaterial) and the prisoner then struck the deceased, without any other provocation, and death ensued, it would be murder, and cannot be manslaughter if the prisoner had malice. While malice is inferred when a killing takes place, and murder is presumed, the presumption may be rebutted by proof produced by the state or the accused; the burden of proof to rebut this presumption is on the defendant."

8th. Because the court erred in the following charge: "If you believe from the evidence that the accused sought the difficulty with the deceased for the purpose of taking his life, and did any act other than using words, towards the deceased, with the purpose of inducing him to attack him, and if you believe, from the evidence, that the defendant sought for and induced a provocation from the deceased, the killing of the deceased would be murder."

It is only necessary to state in reference to the first ground of the motion for a new trial, that there was not a particle of testimony upon which a verdict for involuntary manslaughter could have been claimed.

As to the second, that the evidence to support the verdict

was abundant if the instructions of the court to the jury were correct.

As to the remaining grounds, except the seventh, they are sufficiently clear in themselves.

As to the seventh, it was insisted that there was no evidence to support the charge therein set forth. The facts presented by the testimony upon this point of the case were, in brief, as follows:

On the night of the homicide, Gardner's band, of which deceased was a member, was out serenading. The defendant, who was a musician, though not a member of the organization, accompanied them. For some reason he entertained towards some of the band, and especially towards the leader, the most deadly hostility. He had stated on the evening of the difficulty, exhibiting his knife, that there were three or four members whose throats he intended to cut, that he must have revenge. He had played with them on previous occasions, taking the place of some member who was absent. He seems to have joined them on this evening without any invitation. In the course of the serenading tour the defendant commenced cursing. The deceased told him that he ought to obey the leader. He then cursed deceased, who replied that if he was going to be cursing he would not have anything to do with him. He then said to deceased, "you are as damned a rascal as some of the rest of the band, and I intend to get my satisfaction this night." The deceased walked off. The defendant called him back to speak to him. What passed at this interview is only known from the dying declarations of the deceased and the surrounding circumstances. The deceased, immediately thereafter, was found lying on the ground mortally wounded by a knife or some such instrument. By him, was found the knife which the defendant had previously shown. The defendant was gone. The deceased stated that the defendant had killed him. On the next day the defendant was arrested in South Carolina. He had two bruises on him.

The motion was overruled, and the defendant excepted.

Hooper *vs.* The State of Georgia.

MARCELLUS P. FOSTER ; H. A. DUNCAN, for plaintiff in error.

DAVENPORT JACKSON, solicitor general, by JACKSON & CLARKE, for the State.

McCAY, Judge.

1. It seems absurd to ask a new trial on the ground that the court told the jury the case was one of murder, voluntary manslaughter, or justifiable homicide, when it is admitted there is nothing in the evidence to indicate any other grade of homicide.  Unquestionably the killing was not involuntary ; there is no evidence to that effect.   Ordinarily it is improper for the judge to say to the jury anything indicating what the verdict ought to be; but, surely, where there is absolutely no evidence on some one of the grades of an offense included in an indictment, it cannot be a ground for new trial for the judge to say to the jury that such an offense is not included. Would it be error in the judge, in this case, to have told the jury they could not convict of larceny ?   We do not feel it to be our duty to sit here as abstract vindicators of the law.   The law as administered—the law as applicable to the case—is what is to be adjudged, and a charge that could not by any possibility, under an honest verdict, injure the prisoner, ought not to be a ground for new trial.   This charge does not come within section 3248.   It is no expression of opinion as to what has been proven.   It is but the proper exercise of his function in refusing to charge the jury upon a branch of the law as to which there is no evidence.   Suppose the case had been one of pure accident, that the evidence had furnished absolutely no evidence of a voluntary killing, and no negligence, would it have been competent for the judge to put before the jury the law of murder ?

2. We see no error in the charge of the court as to their duty in judging of the law and the facts.   We are disposed to think, from the line of argument pursued by the counsel for

the plaintiff in error, as well as from criticisms from other quarters, that there is to some extent a misapprehension of the decision of this court in the case of *Brown vs. The State*, 40 *Georgia*, 693, and in the other cases, subsequently to that, upon the same line. It has been argued as though those cases had infringed upon the provisions of the Code, and of section 16 of the Code of 1833, providing that in all criminal cases the jury shall be judges of the law and the fact, and shall in every case give a general verdict of guilty or not guilty. It was not the intent of the court to make any such infringement, nor to state any new principle at all inconsistent with the fullest right of the jury to be judges of the law and the facts, according to the statute. We have given to that case, and to the others succeeding it, a full review in the light of the statute as well as in the light of the previous decisions of this court upon that statute, and we have nothing to qualify or take back of what is there expressed. The decision in the case of *Brown vs. The State* is simply to this effect: That the court is the channel through which the law is to come to the jury, and that they are bound in their consciences by his charge to them upon the law ; and we still insist that such is, and always has been, the law of this state upon the subject.

Let us see, however, what this means, and whether it in the least interferes with the right and the duty of the jury to judge of the law and the facts. As I have said, it was not the intent of the court to lessen in the least the right and the duty of the jury so to judge. Indeed, so long as it is made imperative upon the jury to give a general verdict of guilty or not guilty, it *must* be true that they shall be judges of the law and the facts, and it would have been not only an usurpation by the court to deny this right, but it would have left the jury incapable of performing their sworn duty, under the law, to do so. The jury are the judges of the law in the same way that they are of the facts. They go into the box with minds absolutely free from any convictions or impressions about the case. They hear the charge read—the evidence is introduced—the law given to them, and they proceed to find

a verdict. They judge of the law and the facts, and then come to a conclusion whether, under the law and facts, the defendant be guilty or not guilty.

Suppose the judge were to say to them, "Gentlemen, you are the judges of the law and the facts. The latter, the facts, you are to gather from the testimony. That is the channel, and the only channel, through which you are to get the facts. You will 'remember what the witnesses have said, as well as what has been proven by the documents presented, and what has been admitted. You have no other source to go to for the facts. You are not to take them from the lawyers, nor from the court, nor are you to imagine them; you cannot even take them from your own knowledge. If one of you know a fact, you are not to consider it, unless it was stated by you as a witness, sworn as such, and examined by the parties. These, and these only, are the means by which you get the facts. You must determine, judge from these sources, what the facts are, and you are bound in your consciences *to take the facts from these sources, and these•alone.*" Would this be error? Would this be any infringement or limitation of the right and duty of the jury to judge of the facts? We think clearly not. Is it different as to the law? If the judge say to them, "Gentlemen, you are also judges of the law. It is your duty and your right to find out and to judge what is the law of this case. Indeed, you must do so; because your verdict, being a general one of guilty or not guilty, is a conclusion of law and fact. You *must judge* of both—find out both. I have told you how you are to get at the facts and judge of them; the law you are to get from the court. You are not to get it from the contradictory and adverse opinions and arguments of the lawyers, nor from the books they read. They are not under oath, and they may, as they often do, in the heat of argument and partizanship, read them unfairly. The law does not permit you to take the books with you to your room and read them for yourselves. You cannot make or imagine the law any more than you can the facts. It is my duty—my sworn duty—to give you the law in charge;

that is the channel, and the only channel, through which you are to get the law, as the testimony is the only channel for the facts. It is your duty to listen to the law as I shall read or charge it to you. It is your duty to endeavor to understand it—to get a clear comprehension of it—to come to a conclusion, on your oaths, as to what it is—to judge of it as you are to do of the facts—and having done so, both as to the law and the facts, to conclude, to judge, from both the' law and the facts as you have got them—the one from the lips of the court, the other from the lips of the witnesses—whether the defendant is guilty or not guilty." This is precisely the meaning of the court in the case of *Brown vs. The State*, and nothing more, and this is all that is said.

The jury are the judges of the law just as they are of the facts. They are the tribunal to say whether, under the law and the facts, the defendant be guilty or not; they get the facts from the witnesses, the documents and the admissions, and they get the law from the court; they judge as to both; they come to a conclusion from the legal sources at their command what both are, and they judge from both whether the defendant be guilty or not guilty.

The point, and the only point, in the decision of the case of *Brown vs. The State*, is that the channel, and the only channel, through which information is to come to the jury as to what is the law, is the court. Is there any other provided by law? If so, let the statute or decision declaring it be produced. Let one thinking upon this subject imagine himself present at a criminal trial. The jury is sworn—the defendant pleads not guilty—the charge is read—the evidence introduced—the lawyers speak—and the judge charges. How does the law get to the jury? How *can it* get to them? The jury do not get permission to read the law books—the lawyers do not agree as to what the law is. Who shall say? Are the jury without a guide as to the law? They have a right to, nay, *they must*, take the evidence as their sure and only guide as to the facts. Are they at sea as to the law? Must they guess at it? Must they take it from their own convic-

tions of what the law ought to be? Must they sway to and fro as the lawyers may badger them? Is the life or the property of the citizen held by so precarious a tenure as this— the whim of a jury or the skill of a lawyer? Is there no arbiter—no one to say to the jury the law is this—the law is that?

As a matter of course the jury have a right—a physical right—to disregard the charge of the court just as they have the physical right to disregard the evidence. Though both the law and the evidence demand a verdict of guilty, they have a right—a physical right—to find the defendant not guilty. If they do, there is no redress. But this is just as true as to the facts as to the law, and I suppose nobody doubts that the jury are, in consequence, bound to find according to the evidence.

The truth is, the ideas of those who are disturbed at this view of the subject, as it seems to me, are loose and undefined, and would startle themselves if they would undertake to analyze them. Their conception of a *judge* is one who investigates the law and determines, from conflicting decisions, what it is; one who reads the books, carefully cons over the words of a statute, considers the old law, the evil, the remedy, etc., and they do not understand how it is possible for any one to occupy the position of a judge of the law who does not exercise this *latitude* of judgment. But even the judge of the superior court, nay, the judges of this court, are often shut up to very narrow bounds in judging of the law. It is not a matter of much consideration to decide that under our law that a will must have three witnesses; the judge is bound by very narrow bounds when he is called on to tell a jury what is the law in questions settled by statutes, and a jury may, in a very full sense, be judges of the law, when they have but one source to go to for it. Nor is there anything in any of the decisions of this court previously to the case of *Brown vs. The State*, contrary to the rule as there laid down.

The truth is, the precise question was never before the court. In *Keener's case*, 18 *Georgia Reports*, 199, Judge LUMPKIN

does, in substance, lay down this very rule, to-wit: that whilst the jury are the judges of the law, yet the judge is the only channel through which they can get the law. We do not say that the jury have not the right to find the prisoner not guilty, even though, under the facts and the law, he be guilty. If they see fit to do so there is no help for it. But as we have said, this is just as true as to a verdict against the facts as to a verdict against the law. Nor do we say that the jury are bound by the charge of the court if it be wrong. If they find the defendant not guilty in spite of such a charge, no harm is done, at least to the defendant. If they find him guilty in spite of the charge, the verdict will be sustained. Still it is, and must remain true, that the court is the only channel by which the law gets to the jury. They must judge of it as they get it in the channel provided by law, and as they do upon the facts, it is their duty to find a verdict of guilty or not guilty. This court has, time and time again, granted new trials in criminal cases when the court erred in his charge, and when the jury found contrary to the charge.

We have no fault to find with the distinction taken by the judge, in his charge, as to the duty of the jury in reference to his charge of what was the law, and as to what was their duty relative to his opinions of the *application* of the *law to the facts*. If the judge put cases based on the facts, and say, under such and such facts he is guilty, we think the jury are still left to their judgment, whether, under the facts, he is guilty. The whole question of motive and intention is with the jury. After the jury have judged as to the facts they are to judge whether those facts, as proven, do, under the law, as they judge that to be from the lights before them, make a case for a verdict of guilty, or for a verdict of not guilty.

In all matters of application of the facts to the law, in the whole judgment of the jury upon the law and facts, they are independent of the judge, and. we think Judge Pottle has happily drawn the distinction in the case before us.

3, 4. Upon the other questions made upon this record we shall say but little. The evidence is voluminous, and we

think the charges justified by the evidence; so, too, we think the verdict is supported by the evidence. The system of jury trial would be a sham if the courts were to undertake, under such evidence, to set aside a verdict. The jury, under our law, are the judges of the law and the facts. The acts of the prisoner, the motives for those acts, the intentions of the prisoner, and the consequence of those acts, motives and intentions, are all matters for the jury to pass upon. They have done so in this case, and we see no such evidence of mistake, passion or prejudice as to justify any interference.

Judgment affirmed.