### GIBSON v. THE STATE.

LITTLE, J. 1. In a trial for larceny, evidence which tends to establish the identity of the property alleged to have been stolen is not inadmissible because it embraces a more minute description than that set out in the indictment, such evidence not being inconsistent with the description laid. The court did not err in the admission of evidence tending to show marks on the hog alleged to have been stolen, additional to those set out in the bill of indictment.

2. As explained by the judge there was no error in the admission of evidence by a witness for the State, giving his reasons why he had taken an interest in the prosecution of the accused.

3. There was no error in the part of the charge complained of, nor, in the absence of a request, in the failure of the judge to charge other legal propositions in connection therewith. The evidence was sufficient to support the verdict.          *Judgment affirmed. All the Justices concurring.*

Submitted October 7, — Decided November 5, 1901.

Indictment for larceny.     Before Judge Littlejohn.     Stewart superior court.  April term, 1901.

*J. B. Hudson*, for plaintiff in error.
*F. A. Hooper, solicitor-general*, contra.

---

### BROUGHTON v. THE STATE.

LITTLE, J. 1. An essential element of the offense defined in section 122 of the Penal Code is *enticing, persuading, or decoying* the servant of another to leave his employer during his term of service, and proof of such facts as establish that the accused did one of these things is essential to sustain a conviction of the offense therein defined. Hence, a conviction under this section can not lawfully stand where the evidence in this regard shows no more than that the servant left the place of his employment in company with the accused.

2. On the trial of one indicted under the section referred to, a declaration made by the accused to the effect that he himself would not live with the prosecutor is irrelevant.

3. Irrespective of the other questions raised or sought to be raised in the present case, the evidence was not sufficient to support the conviction, under the principle ruled in the first preceding headnote, and a new trial should have been granted.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., who is disqualified.*

Argued October 7, — Decided November 6, 1901.

Accusation of misdemeanor.     Before Judge Davis.     City court of Lexington.     May term, 1901.

*B. E. Thrasher* and *Samuel H. Sibley*, for plaintiff in error.
*Joel Cloud, solicitor*, contra.