## TUCKER *v.* THE STATE.

1. A demurrer to an indictment for the offense of "horse-stealing," which, under the Penal Code, § 157, must be "charged as simple larceny," does not, when it sets forth no objection to the indictment other than that it "does not describe the property alleged to have been stolen, with the accuracy and fullness that the statutes require," present with sufficient distinctness any question for decision.
2. It is not, in a trial for such an offense, erroneous to omit giving in charge to the jury section 225 of the Penal Code, which makes it a misdemeanor to "willfully ride or drive any horse or mule belonging to another, without his consent."
3. An instruction correct in itself is not rendered erroneous by a failure to charge some other appropriate instruction.
4. The charge on alibi in this case was free from error.

5. It is not erroneous for a judge, when charging a jury in a criminal case, to " keep the evidence distinct from the statement " of the accused, " and shape the general tenor of the charge by the evidence alone and the law applicable to it," taking care, however, to give appropriate instructions respecting the statement.

6. There was sufficient evidence to warrant the verdict.

Submitted October 22, — Decided November 6, 1901.

Indictment for larceny. Before Judge Littlejohn. Sumter superior court. May term, 1901.

*J. B. Hudson,* for plaintiff in error.

*F. A. Hooper, solicitor-general,* contra.

LUMPKIN, P. J.   The plaintiff in error was indicted for and convicted of the offense of simple larceny, the subject-matter of the alleged theft being, as charged in the indictment, "a certain horse, to wit, a black mare with white spots in her face, of the personal property of J. R. Pilcher and of the value of one hundred dollars." The bill of exceptions assigns error upon the overruling of a demurrer to the indictment, and also upon the refusal of the court below to grant a new trial.

1. The objection set forth in the demurrer was, " That the indictment in said case does not describe the property alleged to have been stolen, with the accuracy and fullness that the statutes require." The Penal Code, § 156, declares that:   "Horse-stealing shall be denominated simple larceny, and the term 'horse' shall include the mule and ass, and each animal of both sexes, and without regard to the alterations which may be made by artificial means." Section 157 provides that:   " The offense shall, in all cases, be charged as simple larceny, but the indictment shall designate the nature, character, and sex of the animal, and give some other description by which its identity may be ascertained."   It will thus be seen that, as to the matter of description, every indictment must contain sufficiently full and accurate information with regard to four particulars, viz.:  the "nature," the " character," the "sex," and the "identity " of the animal alleged to have been stolen.  Wherein the indictment now under consideration falls short of compliance with the law as to "accuracy and fullness" of description is not pointed out by the demurrer.   That is to say, it is impossible to determine with respect to which one or more of the four particulars mentioned the pleader regarded the indictment as defective;

and this being so, the demurrer is obviously more lacking in certainty than the indictment which it seeks to attack. In the brief of counsel for the plaintiff in error the objection is urged that "the indictment did not allege anything but 'a black mare with a white spot in her face,'" and that "'a black mare' does not indicate whether the black mare belongs to the horse, mule or ass specie,— the word 'horse,' in the beginning of the indictment, is generic and applies to mules and asses, as well as horses." We are not, however, at liberty to pass upon the interesting question thus brought to our attention, for the simple, though all sufficient, reason that no such point is even hinted at in the demurrer. Whether, upon the argument thereon before the trial judge, this question was made and passed upon is a matter purely of conjecture, there being nothing in the record before us disclosing what may be the truth in this regard. The objection to the indictment which is insisted upon by counsel for the accused should have been presented by the demurrer, and not by way of oral argument in the court below or by brief upon the hearing of the case in this court. We take occasion to repeat that the office of a demurrer is to distinctly point out alleged defects in pleadings, not merely to suggest in general terms that, for some reason or reasons undisclosed, the party relying on the demurrer is of the opinion that the pleadings assailed do not conform to the prescribed rules.

2. In one ground of the motion for a new trial, complaint is made that the court failed to give in charge section 225 of the Penal Code, which makes it a misdemeanor to "willfully ride or drive any horse or mule belonging to another, without his consent." The law embraced in this section was in no way involved in the case on trial. The court might with propriety have instructed the jury that if the accused merely rode or drove the mare with no intent to steal her, he would not be guilty of simple larceny; but to do this certainly did not require a reading of the section last mentioned. The proposition embraced in such an instruction would have been sound without any reference to this section.

3, 4. In another ground, exception is taken to a charge on the subject of alibi. This charge was fully in accord with the well-settled rules bearing on that subject. One complaint of it was that the court, after instructing the jury that the accused was not required to establish the alibi beyond a reasonable doubt, should have

added that it was only necessary for him to prove the alibi "to the reasonable satisfaction of the jury." This exception is bad for two reasons: (1) it illogically asserts that a perfectly proper charge was erroneous because some other and additional instruction was not given in connection with it (*Keys* v. *State*, 112 *Ga.* 397), and (2) the instruction given necessarily implied that the accused need do no more than to establish his defense of alibi to the reasonable satisfaction of the jury.

5. Another criticism upon the charge just referred to was that the court instructed the jury, in passing upon this branch of the case, to take into consideration the sworn testimony and weigh it carefully and impartially, without at the same time directing the jury to consider, in this connection, the statement of the accused. There is no merit in this criticism. *Vaughn* v. *State*, 88 *Ga.* 731; *Lacewell* v. *State*, 95 *Ga.* 346, 349.

6. What is said above disposes of all questions properly raised by the motion for a new trial, save only a general complaint that the verdict was contrary to law and the evidence. As there was ample evidence to sustain the conviction of the accused, we find no cause for granting him a new trial.

*Judgment affirmed. All the Justices concurring.*