## ALLAMS *v.* THE STATE.

FISH, P. J. 1. Where the accused, on trial for murder, relied on the defense of insanity at the time of the homicide, it was not error to instruct the jury that the burden was upon him to show " that at the time of the killing he was not of sound memory and discretion. He must show this, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury, by a preponderance of the evidence." *Beck* v. *State*, 76 *Ga.* 452 (7); *Keener* v. *State*, 97 *Ga.* 388 (3) ; *Minder* v. *State*, 113 *Ga.* 772 (3).

2. Nor was it error, on the trial of such a case, to charge the jury that if the accused had been shown to be insane prior to the date of the homicide, the presumption would be that he continued to be insane, " and the burden of proof would be upon the State to show to the reasonable satisfaction of the jury, by a preponderance of the evidence, that at the time of the alleged homicide the defendant was of sound memory and discretion." *Danforth* v. *State*, 75 *Ga.* 614 (4).

3. " The rule of law in force in this State, which relieves one from criminal responsibility for the commission of an unlawful act on account of mental disease, is : If a man has reason sufficient to distinguish between right and wrong in relation to a particular act about to be committed, he is criminally responsible. An exception to this rule is, where a man has reason sufficient to distinguish between right and wrong as to a particular act about to be committed, yet, in consequence of some delusion, his will is overmastered, and there is no criminal intent; provided, that the act itself is connected with the peculiar delusion under which the prisoner is laboring." *Taylor* v. *State*, 105 *Ga.* 746 (1). It follows, therefore, that it was not accurate to charge as follows : " The insanity which the law recognizes as an excuse for crime must be such as dethrones reason and incapacitates an individual from distinguishing between right and wrong as to the particular act in question, and of being mentally incapable of choosing to do or not to do the alleged act, and governing his conduct in accordance therewith." To relieve one

from criminal responsibility on account of mental delusion for the commission of an unlawful act, it is not necessary that he be incapable of distinguishing right from wrong as to the particular act in question, and also incapable of choosing to do or not to do such act and of governing his conduct in accordance therewith. The charge referred to in *Quattlebaum* v. *State*, 119 *Ga.* 433 (1), was not approved as a correct statement of the law ; but it was held merely that the charge there given furnished the accused no cause of complaint, as it placed a greater burden on the State than the law authorizes. The inaccurarcy of the charge last above quoted was not cause for a new trial, however, when the court subsequently fully, clearly, and correctly instructed the jury on the law of insanity as an excuse for crime, and specifically applied the correct rule on the subject to the contentions of the accused.

4. The evidence fully warranted the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Submitted June 19, — Decided July 17, 1905.

Indictment for murder. Before Judge Freeman. Coweta superior court. April 10, 1905.

*L. M. Farmer, W. H. Daniel, R. O. Jones, Robert Orr,* and *J. L. Jones,* for plaintiff in error. *John C. Hart, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.