## BOWDEN *v.* THE STATE.

1. The record does not disclose any evidence of compulsion used to elicit the statement made by the accused in response to the question as to why he killed the decedent; nor does it appear that he was induced to make the statement by the hope of any benefit to be derived from making it.
2. Testimony that the accused produced two or three checks for stated amounts, and handed them to the officer who had him in charge, was objectionable and should not have been admitted over the objection that no ground had been laid for the introduction of secondary evidence; but this evidence was not of such materiality as to require the grant of a new trial, in view of other evidence in the case.
3. The court did not err in instructing the jury, upon the subject of the defense of alleged insanity of the accused at the time of the homicide,

that, "when the defendant sets up this plea, the burden is upon the defendant to satisfy the minds of the jury to a reasonable certainty."
4. The court instructed the jury, in substance, that a person of weak mind would not be exempt from criminal responsibility if he had sufficient mental capacity to distinguish between right and wrong and to "understand that his act [the one he is charged with committing] is against the criminal laws of the State of Georgia, . . and that he is liable to be punished and held responsible therefor." Such a charge is not error. Nor was the charge error because it did not contain in immediate connection therewith a charge upon the subject of delusional insanity; especially as the evidence did not distinctly raise the issue as to this form of insanity.
5. There is evidence in the case to authorize the charge upon the subject of confession.
6. Under the evidence in the case the court did not err in omitting to charge upon the subject of delusional insanity. The charge upon general insanity was sufficient.
7. There is evidence in the record to support the verdict.

No. 2293. MARCH 16, 1921.

Indictment for murder. Before Judge Park. Putnam superior court. October 28, 1920.

*Davidson, Callaway & DeJarnette,* for plaintiff in error.

*R. A. Denny, attorney-general, Doyle Campbell, solicitor-general, Graham Wright,* and *A. Y. Clement,* contra.

BECK, P. J. Dave Bowden was tried under an indictment charging him with the offense of murder, and the jury trying the case returned a verdict of guilty, without recommendation. He was thereupon by the court sentenced to be hanged. A motion for a new trial was made and overruled.

1. A. J. Walton, sheriff, testified as follows: " I was sheriff at the time this man [the accused] was in my charge. There was no hope of reward held out to him at the time by me, or any one else, to make a statement to me. I asked him why he killed the woman, what the trouble was, and he gave me his pocket-book, with three checks, one for thirty dollars, one for ten, and one for eight dollars, that had been cashed by Cindy Jackson. And he said he had been giving her a good deal of money, and she had promised to meet him several times, and she never had done it, and he couldn't let her treat him that way. And I think the next day I approached him again; and he told me he wouldn't say anything else, he would wait and make his statement in the court-house. His mental condition seemed to be all right. Yes, he was locked up and in my charge and under my authority. When I told him to tell me what happened, if he hadn't I wouldn't have done anything to him. I

don't know whether he knew that or not." This evidence was ob-
jected to on the ground that it appeared from the testimony of the
witness himself that the statement made by the prisoner was not
voluntary, and that the witness, the sheriff, induced the defendant
to make this statement; and moreover, that the prisoner "did not
know what the sheriff would do to him if he did not make the
statement to him after being asked to do so; and further, because
the evidence does not show that it was not induced by the slightest
hope of benefit or the remotest fear of injury;" and for the further
reason that the introduction of the evidence was an attempt upon
the part of the State to prejudice and bias the minds of the jury
on the idea that a confession had been made by the accused. There
is no merit in the objections stated. So far as the record discloses,
the statement made by the defendant was voluntary. The accused
had the privilege of further examination of the witness in order to
adduce any circumstances showing inducement or compulsion used
to elicit the statement made by the defendant.

2. The testimony that the accused handed to the sheriff three
checks, one for $30, one for $10, and one for $8, that had been
cashed by Cindy Jackson, the decedent, should not have been ad-
mitted over the objection that the three checks were the highest and
best evidence, and that testimony in reference to them was inad-
missible, as no ground for introducing secondary evidence had been
laid. But we do not think that this evidence was of such material-
ity as requires the grant of a new trial, although it was of some
materiality. The other evidence given in this connection, which was
unobjectionable, shows, if credible, that the defendant claimed that
he had been giving Cindy Jackson, the woman whom he killed,
"a good deal of money, and she promised to meet him several times
and she never done it, and he could not let her treat him that way."
If the giving of the checks to the woman and her failure to comply
with her promises of meeting the accused tended to show motive,
motive of that character, as far as it could explain the homicide, was
shown by the testimony which was perfectly competent, coming from
the mouth of the same witness, that the accused "had given her a
good deal of money."

3. The defendant in the case admitted the fact of the shooting
and killing, but set up the defense that he did not have sufficient
mental capacity to render him responsible for the act under the

criminal law; and the court, in reference to this contention, charged the jury, that, " When the defendant sets up this plea, the burden is upon him to satisfy the minds of the jury to a reasonable certainty that the defense is true." Movant assigns error upon this charge, contending that it required a higher degree of proof than that required by law, and that the court should in this connection have imposed upon the defendant no other burden than that of establishing this theory of the defense by a preponderance of the evidence. A similar question to the one here raised has been discussed in prior decisions made by this court, and it has been held that charges substantially the same as the one here criticised were not error. In the case of *Beck* v. *State,* 76 *Ga.* 452, it was said: " There was no error in charging that the law presumes every person to be of sound mind, and the burden is upon the defendant to satisfy the jury, by evidence, to a reasonable certainty, that he was not of sound mind at the time of the commission of the act." And in the case of *Hobbs* v. *Stale,* 8 *Ga. App.* 53 (68 S. E. 515), it was held: " There is no merit in the exception to the instructions of the trial judge upon the subject of insanity. As every person is presumed to be sane, the burden of proving insanity or idiocy rests upon the defendant, and the insanity or idiocy need not be established beyond a reasonable doubt, but only to the reasonable satisfaction of the jury."

4. The court charged the jury further upon the subject of insanity and criminal responsibility: " If a man has reason sufficient to distinguish between right and wrong in relation to a particular act about to be committed, and has sufficient mental capacity at the time to understand such act is wrong and in violation of the criminal laws of the land and he will be punished for the commission of such an act, then he would be criminally responsible for such an act; that is, the law does not say, except to give the jury the definition of where a man would be responsible, and where he would not be responsible. Although a man may have a weak intellect, although his mind may not be very strong, yet the law says that if he has sufficient mental capacity to distinguish between right and wrong and to understand the act he is about to commit is against the criminal laws of the State of Georgia, and if he comprehends at the time that such act is wrong and against the laws of the State of Georgia, and if he commits an act of that kind he is liable to be

punished and held responsible therefor, under those circumstances the law says he would have sufficient mental capacity to be responsible for his ·mental acts." The charge in itself was substantially correct and applicable to the issues of the case; and the fact that the court did not charge some other principle of law in connection therewith is not a valid ground of criticism upon the charge as actually given.

5. Error is assigned upon the charge of the court relating to confessions, upon the ground that there is no evidence authorizing a charge upon that subject. The sheriff of the county, A. J. Walton, testified: "I asked him about the killing, what caused the killing,. and why he killed the woman, and he said he had given her a lot of money, and he gave me three checks, one for thirty dollars, one for ten dollars, and one for eight dollars, and he said she had promised to meet him several times and had never done it and he couldn't stand to be swindled out of his money in such way. After I asked him, he made that statement to me voluntarily. I didn't tell him it would be best for him to make it or hold out any inducement to him to make it. I didn't make any threats against him; he just answered my questions voluntarily. . . He didn't mention it until I asked him about it. He was in jail, and I had him locked up in a cage. I asked him why he did it, and he told me. . . I was sheriff at the time this man was in my charge. . . I asked him why he killed the woman, and what the trouble was." And this is followed by a statement which is substantially repetitious of the preceding answer of the accused to this question. The admissibility of this evidence has been ruled upon above; and it was held that it was admissible. With this evidence in, the court was authorized to charge upon the subject of confession. When the witness asked the defendant why he killed the woman, and he answered that he did it for certain reasons, stating them, this amounted to a confession. *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840); *Thompson* v. *State,* 147 *Ga.* 745 (95 S. E. 292). It follows that a charge upon the subject of confession was proper; especially as it contained the usual caution that the jury would not consider the evidence unless they found that it was freely and voluntarily made, without being induced by another by the slightest hope of reward or the remotest fear of punishment.

6. The court did not err in this case, especially in the absence of a written request, in failing to charge upon the subject of delusional insanity. We have carefully examined the record and the testimony of all the witnesses, and the evidence does not raise the distinct issue of delusional insanity or show that the defendant was afflicted with that form of insanity at the time of the homicide, or that he had been laboring under that form of insanity in the past. There is some evidence of his general insanity, and upon that subject the court charged.

7. There is some evidence to support the verdict.

*Judgment affirmed. All the Justices concur, except George, J., absent.*