## CURRIE *v.* THE STATE.

1. The charge complained of in the second division of the opinion is not erroneous simply because it fails to embrace other instructions upon some other theory of the case, which would be appropriate elsewhere in the charge.

2. Where, on the trial of one charged with murder, the defense of insanity at the time of the commission of the act is relied upon, the burden of proof is upon the defendant to show his insanity by a preponderance of the evidence. The court erred in charging the jury that in such case " the burden is on the defendant to make good such defense to a reasonable certainty and to the reasonable satisfaction of the jury."

3. The discretion of the trial judge, who passes upon the alleged prejudice and bias of a juror, from conflicting evidence, on a motion for new trial, will not be interfered with unless it is manifestly abused. There was no abuse of discretion in the instant case.

4. As the case goes back for a new trial, no opinion is expressed as to the sufficiency of the evidence to support the verdict.

No. 2375. APRIL 11, 1922.

Indictment for murder. Before Judge Hardeman. Toombs superior court. June 18, 1921.

*Giles & Sharpe,* and *Lawrence & Abrahams,* for plaintiff in error.

*George M. Napier, attorney-general, Walter F. Grey, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.

HILL, J. Lee Currie was tried upon an indictment charging him with murder by shooting Burley Phillips with a certain pistol. A verdict was rendered finding him guilty, and he was sentenced to be hanged. He made a motion for a new trial, which was overruled, and he excepted.

1. The first ground of the amended motion complains that the court erred in charging the jury that " When a sudden quarrel arises between two men, and upon that sudden quarrel thus arising the parties, acting under passion or anger, seize their weapons and mutually agree to fight, or if presently they mutually agree to fight, upon a sudden quarrel arising, and one kills another under such circumstances, it is voluntary manslaughter." The criticism upon this charge is that the court did not at the time of giving it, nor elsewhere in the charge, state that if under the same circumstances the defendant entertained a reasonable fear that a homicide was about to be committed upon him, and if acting upon such reasonable fears he killed the deceased, then the homicide would be justifiable, and not murder or manslaughter. The charge is not erroneous simply beause it fails to embrace other instructions upon some other theory of the case, which would be appropriate elsewhere in the charge. *Hays* v. *State,* 114 *Ga.* 25 (4) (40 S. E. 13) ; *Gibson* v. *State,* 114 *Ga.* 34 (39 S. E. 948) ; *Tucker* v. *State,* 114 *Ga.* 61 (39 S. E. 926) ; *Roberts* v. *State,* 114 *Ga.* 450 (40 S. E. 297) ; *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573). In the general charge, not immediately in connection with the foregoing charge, the court instructed the jury that they might, after hearing all of the evidence and the defendant's statement, consider the situation in which the defendant found himself at the time of the fatal encounter, and if the jury believed that the facts and circumstances surrounding him were sufficient to excite the fears of a reasonably courageous man, and his fears were aroused by reason of the circumstances in which he found himself, and those circumstances were sufficient to excite the fears of a reasonable man, and if he acted under the influence of those fears and not in a spirit of revenge, he would be justifiable and the jury should acquit him. The error complained of in the fourth ground of the amended motion is controlled by the ruling above made, it being substantially the same.

2. The second and third grounds of the motion for a new trial are substantially the same, and will be considered together. Error is assigned upon the following charge of the court: " I charge you that where a party pleads not guilty, that without specially pleading it, he may by evidence plead, without former [formal ?] plea for that purpose, and establish, if he can, that he is mentally

incapable of committing crime, and may introduce evidence upon the trial of the case, for the jury's consideration, to determine whether or not he be a person of sound memory and discretion. With reference to that phase of the case I charge you that where a party sets up that he is mentally incapable of committing crime, that his mental defects are such as to render him irresponsible for his criminal acts, if any, the burden is on the defendant to make good such defense to a reasonable certainty and to the reasonable satisfaction of the jury." It is insisted that the charge of the court complained of placed a greater burden on the defendant than that authorized by law. We are of the opinion that the charge complained of is not a correct statement of the law on this subject. See *Polk* v. *State,* 148 *Ga.* 34 (5) (95 S. E. 988), where Mr. Justice George, in a well considered opinion, points out the error in such a charge, and where he refers to various decisions of this court upon that question. In *Carter* v. *State,* 56 *Ga.* 463, it was said: "Inasmuch as the law presumes, for the safety of society, that every person is of sound mind until the contrary appears, therefore that presumption should be rebutted by a preponderance of evidence of insanity at the time the offense is alleged to have been committed. Unless there is a preponderance of evidence in favor of the insanity of the defendant, the jury would not be authorized to acquit him of the offense with which he is charged, on that ground of his defense." We are of the opinion that the above states the true rule in such cases; and, as pointed out by Mr. Justice George in the *Polk* case, supra, the rule announced in the 56 *Ga.* was expressly approved and followed in *Danforth* v. *State,* 75 *Ga.* 615 (58 Am. R. 480); *Carr* v. *State,* 96 *Ga.* 284 (5), 285 (22 S. E. 570); *Rider* v. *State,* 100 *Ga.* 528 (5), 529 (28 S. E. 246, 38 L. R. A. 721, 62 Am. St. R. 334); *Minder* v. *State,* 113 *Ga.* 772 (3), 774 (39 S. E. 284); *Allams* v. *State,* 123 *Ga.* 500 (51 S. E. 506). In the *Polk* case, supra, it is said: "The rule is settled beyond controversy in this State, that where the defense of insanity at the time of the commission of the act is relied upon, the burden is upon the defendant to show his insanity by a preponderance of the evidence." The true rule in such case is, therefore, that the burden is on the defendant to establish his insanity by a *preponderance of the evidence.* The charge of the court in this case put upon the defendant a greater burden than the law imposes. The cases of *Polk* v. *State,*

148 *Ga.* 34 (supra), and *Bowden* v. *State,* 151 *Ga.* 336 (3) (106 S. E. 575), are in conflict. Neither of these was a full-bench decision, but the *Polk* case is older than the *Bowden* case and is based on full-bench decisions to the same effect as the *Polk* case, and must therefore control.

3. The 5th ground of the motion for a new trial complains that one of the jurors, who rendered the verdict of guilty in the case, was prejudiced and biased against the defendant, and had made statements, several weeks or months prior to the time of the trial, that the defendant "should be hung." The juror made an affidavit denying the statement attributed to him, and stating also that there was no bias or prejudice resting on his mind either for or against the defendant at the time of the trial, and that until the trial he had never heard the evidence delivered under oath and did not see the crime committed and had not formed any opinion as to the guilt of the defendant. We can not say that the judge abused his discretion in passing upon the alleged prejudice and bias of the juror, from the conflicting evidence on this ground of the motion for a new trial. *Hall* v. *State,* 141 *Ga.* 7 (80 S. E. 307).

4. As the case goes back for a new trial, no opinion is expressed as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except*

BECK, P. J. (with whom concurs FISH, C. J.), dissenting. I dissent from the ruling made in the second division of the opinion. The charge here brought in question and held to be error was, in the case of *Beck* v. *State,* 76 *Ga.* 452 (which was a full-bench decision), held to be a proper charge. There is nothing in the case of *Carter* v. *State,* 56 *Ga.* 463, that can be construed as making a different ruling, the ruling there merely being that the burden was upon the defendant to prove his defense of insanity by a preponderance of the evidence. That rule is in no respect in conflict with the ruling made in *Beck* v. *State* — that he must establish such defense to a reasonable certainty. Besides, the code itself provides: "Moral and reasonable certainty is all that can be expected in legal investigation. In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." Civil Code (1910), § 5730. And this section should furnish us a guide in determining

questions like that now under consideration.    See also *Bowden* v.
*State,* 151 *Ga.* 336 (106 S. E. 575).