### 17318. McLAUGHLIN *v.* THE STATE.

1. Under numerous previous rulings, the first special ground of the motion for new trial presents nothing for decision.

2. There is no merit in the ground relating to instruction upon the statement of the accused.

3. Read in the light of the evidence, the charge to the jury shows no such error as is complained of.

4. The evidence supported the verdict.
                    DECIDED JUNE 15, 1926.

Shooting at another; from Telfair superior court—Judge Camp presiding. March 13, 1926.

---

Criminal Law, 16 C. J. p. 1047, n. 65; p. 1218, n. 53 New; p. 1219, n. 67; 17 C. J. p. 87, n. 43; p. 181, n. 37, 38.

*J. K. Whaley, Eugene Talmadge,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.

BLOODWORTH, J.   1.   "A ground of a motion for a new trial should be complete in itself, or rendered so by an exhibit to the motion.   Accordingly, it has been repeatedly ruled that a ground based on the admission or rejection of evidence presents nothing for adjudication, when such evidence is not set forth therein either literally or in substance, nor attached as an exhibit to the motion." *Shaw* v. *Jones,* 133 *Ga.* 446 (9), 450 (66 S. E. 240). "Under the rulings of this court and of the Supreme Court, this court will not search through the record to find errors, when they are not specifically pointed out in the assignments of error or in the grounds of the motion for a new trial.   The rule is that each ground of the motion for a new trial must be complete in itself." *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (85 S. E. 361). "A ground of a motion for a new trial which complains of the admission of certain specified testimony upon the trial of the case must state the name of the witness whose testimony is complained of." *Peeples* v. *Butler,* 21 *Ga. App.* 310 (94 S. E. 278) ; *Hayes* v. *State,* 18 *Ga. App.* 68 (88 S. E. 752).   Under the foregoing and numerous other decisions of this court and of the Supreme Court ground 1 of the amendment to the motion for a new trial presents nothing for determination by this court.

2.   "The court having fully and accurately instructed the jury on the law touching the prisoner's statement, a charge that the jury get the facts from the witness stand, and from no other source, when considered in its context, did not restrict the jury to the testimony and eliminate from their consideration the prisoner's statement, in reaching a verdict." *Jordan* v. *State,* 130 *Ga.* 406 (5) (60 S. E. 1063). "It is not erroneous for a judge, when charging a jury in a criminal case, to 'keep the evidence distinct from the statement' of the accused, 'and shape the general tenor of the charge by the evidence alone and the law applicable to it,' taking care, however, to give appropriate instructions respecting the statement." *Tucker* v. *State,* 114 *Ga.* 61 (5) (39 S. E. 926). See *Lucas* v. *State,* 146 *Ga.* 331 (11) (91 S. E. 72), and cit. Under the rulings in the foregoing cases there is no merit in the 2d special ground of the amendment to the motion for a new trial.

3.   When the charge is read in the light of the evidence, there

is no error of omission or commission in the charge of which complaint is made in the motion.

4. The verdict is supported by the evidence.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*