## 29860. ALRED *v.* THE STATE.

DECIDED NOVEMBER 7, 1942.

*Claude V. Driver, Willis Smith,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

GARDNER, J. 1. The evidence as hereinbefore set forth was sufficient to sustain the verdict of voluntary manslaughter.

2. One special ground assigns error on an excerpt from the court's charge as follows: "Now included in the charge of murder as set out in the indictment a lesser offense is involved, and it is for you to determine whether or not the defendant is guilty of murder, or guilty of the lesser offense, or not guilty under the

rules the court will give you in charge when this law is applied to the evidence and the defendant's statement." It is contended that the phrase "a lesser offense is involved" was an expression of an opinion that the accused was guilty of voluntary manslaughter. This excerpt was given after the court had correctly charged the principles of law pertaining to murder. A careful analysis of the excerpt will reveal that the language used, in view of the entire charge and the record in the case, is not susceptible of the construction which counsel place upon it. A fair interpretation of the language is that, under the indictment and the evidence, voluntary manslaughter was involved to the extent that it became the duty of the court to submit that question to the jury for determination along with the question of assault with intent to murder and justification. The court afterward fully submitted this proposition to the jury. We do not think the jury could have misunderstood the court. We find no reason to infer that the jury, under any view of the situation, would have been impressed that the court was intimating or expressing an opinion that the accused was guilty of voluntary manslaughter or of any other offense. The assignments of error are without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*