McMULLEN *v.* THE STATE.

522

No. 15224.   JULY 3, 1945.

524

C. L. Redman, W. M. Redman, and Frank A. Bowers, for plaintiff in error.

T. Grady Head, attorney-general, Frank B. Willingham, solicitor-general, and N. J. Smith, assistant attorney-general, contra.

BELL, Chief Justice. ■ The charge that, if the jury should find the defendant guilty of murder, they could, if they saw fit, recommend that he be punished by imprisonment for life, "and, in that event, he would be sent to the penitentiary to serve the rest of his life for his crime," did not, when construed with its context, violate the rule that the judge shall not express or intimate any opinion as to what has or has not been proved, or as to the guilt of the accused. Code, § 81-1104. The case in this respect is somewhat similar to Wilson v. State, 152 Ga. 337 (4) (110 S. E. 8), where the charge contained the language, "If the evidence shows the commission of the crime, and you are satisfied beyond a reason-

able doubt that the defendant committed it with malice aforethought." It was said by this court that the question as to whether this excerpt contained an expression of opinion by the judge would depend upon a construction of the charge, and that the language criticised must be considered with its context. It was held that the excerpt as thus construed did not amount to an expression of opinion upon the facts of the case. So, in this case, the phrase, "for his crime," was contained in the instructions to the jury as to their right to recommend life imprisonment, as the punishment to be imposed in case they found the defendant guilty of murder, and, when considered with its context and the entire charge, could have been understood by the jury as being applicable only in the event of such conviction. In other words, it was clearly conditioned upon a verdict of guilty with such recommendation, and could not have been reasonably understood as describing the transaction as a "crime" unless and until it should be so determined by the jury. The excerpt thus did not "assume or seem to assume, that the transaction was a crime," as contended. It differs materially from the charges dealt with in *Minor* v. *State,* 58 *Ga.* 551 (3); *Phillips* v. *State,* 131 *Ga.* 426 (62 S. E. 239); *Freeman* v. *State,* 158 *Ga.* 369 (4) (123 S. E. 126), and other cases cited for the plaintiff in error.

Nor did the charge, "The only grade of manslaughter involved in this case and the only one I charge you upon is voluntary manslaughter," violate the rule to which reference has been made. The judge had just charged the general section of manslaughter as follows: "Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection." Bearing in mind that this general section, as charged, had to do with both voluntary and involuntary manslaughter, it is plain that the judge, in giving the excerpt in question, was merely explaining to the jury that there was no issue as to involuntary manslaughter, but that there was an issue as to voluntary manslaughter, upon which he considered it his duty to instruct them. This charge was very much like that dealt with in *Sanders* v. *State,* 113 *Ga.* 267 (2) (38 S. E. 841), in which case it was said: "Where the

evidence affords no indication of any degree of homicide less than murder and would sustain no verdict other than that of murder or an acquittal, it is not error to charge: 'There is only one grade of homicide involved in this case, and that is murder,' this language, when taken in connection with the entire charge, intimating no opinion as to the guilt of the accused." In *Alred* v. *State*, 68 *Ga. App.* 263 (22 S. E. 2d, 677), it was said that a charge which contained the expression, "Now included in the charge of murder as set out in the indictment a lesser offense is involved," meant simply that voluntary manslaughter was involved to the extent that it became the duty of the court to submit that question to the jury for determination along with the question of assault with intent to murder and justification, and did not express or intimate an opinion that the accused was guilty of voluntary manslaughter or any other offense. See also *Hooper* v. *State*, 52 *Ga.* 607; *Godbee* v. *State*, 141 *Ga.* 515 (8) (81 S. E. 876).

Both of the special grounds of the motion for new trial were without merit. There is no insistence on the general grounds.

*Judgment affirmed. Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*