## CARROLL *v.* THE STATE.

No. 16398. NOVEMBER 17, 1948.

*Lennie F. Davis* and *Omar Hays*, for plaintiff in error.

*Eugene Cook, Attorney-General, Ed Wohlwender Jr., Solicitor-General, R. A. McGraw, Assistant Attorney-General,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ Upon the question of sanity or insanity, which was the sole defense interposed by the accused, there being evidence from which the jury could find either for or against the accused on this issue, the trial judge did not err in overruling the motion for new trial upon the general grounds.

■ Error is alleged on the following portion of the charge: "Where the issue of insanity is involved, the burden is on the defendant to show to the reasonable satisfaction of the jury that at the time of the alleged commission of the act charged against him he was insane, or was laboring under a delusion that deprived him of his will and deprived him of the power to resist. Whether or not that has been done either by evidence from the State or established by evidence from the defendant, or both, is a question to be determined by you, the jury." It is insisted that the burden placed upon the accused to establish his insanity "to the reasonable satisfaction of the jury" set a higher degree of proof and placed a greater burden on him than the law required. It is insisted that the court should have charged that the burden to prove insanity could be established by "a preponderance of the evidence."

There is some confusion in the previous decisions of this court as to the proper charge of the court to fix the burden of proof

upon a defendant in a criminal case to establish insanity. The trouble has been in determining which of the following phrases defines the proper measure of proof: "To a reasonable certainty." *Beck* v. *State,* 76 *Ga.* 452 (7); *Polk* v. *State,* 148 *Ga.* 34 (5) (95 S. E. 988); *Bowden* v. *State,* 151 *Ga.* 336 (3) (106 S. E. 575); *Thompson* v. *State,* 191 *Ga.* 222 (4) (11 S. E. 2d, 795). "By a preponderance of testimony." *Carter* v. *State,* 56 *Ga.* 463 (8); *Danforth* v. *State,* 75 *Ga.* 614 (4) (58 Am. R. 480); *Carr* v. *State,* 96 *Ga.* 284 (5) (22 S. E. 570); *Keener* v. *State,* 97 *Ga.* 388 (4) (24 S. E. 28); *Ryder* v. *State,* 100 *Ga.* 528 (5) (28 S. E. 246, 38 L. R. A. 721, 62 Am. St. R. 334); *Rozier* v. *State,* 185 *Ga.* 317, 319 (1) (195 S. E. 172). "To the reasonable satisfaction of the jury." *Lively* v. *State,* 178 *Ga.* 693, 699 (9) (173 S. E. 836); *Hobbs* v. *State,* 8 *Ga. App.* 53 (4) (68 S. E. 515). "To a reasonable certainty, to your reasonable satisfaction." *Westmoreland* v. *State,* 45 *Ga.* 225, 280 (5). "Reasonable certainty by a preponderance of the testimony." *Minder* v. *State,* 113 *Ga.* 772 (3) (39 S. E. 284). "Reasonable satisfaction, . . by a preponderance of the evidence." *Allams* v. *State,* 123 *Ga.* 500 (1) (51 S. E. 506); *Barker* v. *State,* 188 *Ga.* 332, 335 (2) (4 S. E. 2d, 31). "Reasonable certainty and to the reasonable satisfaction of the jury." *Currie* v. *State,* 153 *Ga.* 178 (2) (111 S. E. 727). It would serve no useful purpose to try to reconcile or distinguish the various expressions of the court upon the foregoing phrases; or to seek to analyze and compare these various phrases and list them in a respective order as to the degree of proof required by the terms of these expressions.

We shall confine our ruling to the sole question here presented, whether the court erred in charging the jury that the burden was on the defendant to establish his insanity to the reasonable satisfection of the jury. To establish error in so charging, the accused relies upon *Polk* v. *State,* 148 *Ga.* 34, supra, wherein the following charge as to the degree of proof required was stated to be erroneous, "The burden is on him to make it [his insanity] appear to the satisfaction of the jury, it ought to be made to appear to a reasonable certainty." While the court in that case said that this charge was erroneous, yet it also stated that the charge was not cause for reversal on account of other portions of the charge containing the law of reasonable doubt. It will be noted

also that the charge contained two standards, "satisfaction of the jury" and "reasonable certainty." This was not a full-bench decision. Subsequently in *Currie* v. *State*, 153 *Ga.* 178 (2) (supra), it was held that the charge, "reasonable certainty and to the reasonable satisfaction of the jury," was cause for reversal, basing the decision on the *Polk* case, but two of the Justices dissented.

We have been unable to find any case in which the court has held that it was error to charge that it was the duty of the defendant to establish insanity to the reasonable satisfaction of the jury, but on the other hand, this identical phrase has been directly passed on and approved in *Hobbs* v. *State*, 8 *Ga. App.* 53 (4), supra; and, though not specifically ruled upon, was referred to without disapproval in *Westmoreland* v. *State*, 45 *Ga.* 225, 280 (5); *Allams* v. *State*, 123 *Ga.* 500 (1); *Lively* v. *State*, 178 *Ga.* 693, 699 (9); *Barker* v. *State*, 188 *Ga.* 332, 335 (2); *Thompson* v. *State*, 191 *Ga.* 222 (4); all supra.

It is well to note that the burden placed upon an accused to establish an alibi, is to "the reasonable satisfaction of the jury." We can see no reason why the same degree of proof should not be required to establish insanity. As was said in *Thompson* v. *State*, 191 *Ga.* 222, 230 (4), supra, "The trouble has been in choosing between the phrases, 'to a reasonable certainty' and 'to the reasonable satisfaction of the jury.' Whether or not the two phrases really mean the same thing (see dissenting opinion in *Currie* v. *State*, supra), it must be conceded that the latter is somewhat clearer, and therefore it is to be commended as the better form of charge."

■ It is insisted that the court erred in charging the jury as follows: "Now then, if you decide that this man was under a delusion of some kind, that particular delusion has got to relate and be connected with his act, has got to be related to and connected with his act before he would be excusable for taking the life of a fellow creature, and if it was not connected, even though he had a delusion of some kind, that would not apply. If it was connected and you believe that he had a delusion and it was actually connected with the criminal act, then, gentlemen of the jury, that would be a question for you to decide." The error alleged to have been committed was that by the use of the

phrase, "connected with the criminal act," the charge assumed that the homicide was a criminal act and that a crime had been committed.

By the plea of not guilty the accused put in issue all the material allegations in the indictment, including the fact of the homicide and also his mental ability to form the intent to commit a crime. If the charge be construed as an expression of opinion by the trial judge that the homicide was in fact a crime, it would be error. Code, § 81-1104; *Minor* v. *State,* 58 *Ga.* 551 (3); *Phillips* v. *State,* 131 *Ga.* 426 (62 S. E. 239); *Freeman* v. *State,* 158 *Ga.* 369 (4) (123 S. E. 126). But in construing the charge it must be considered in its entirety. The court fully charged the jury upon the subject of general insanity and delusional insanity. In charging upon these subjects, whenever the alleged homicide was alluded to, on eight different occasions it was referred to as "the act," seven times as the "particular act," three times as "such act," once as the "homicide," four times as "his act," and once as the "criminal act charged." Three times during the course of the charge on delusional insanity 'the court stated in substance that a person afflicted with such disease of the mind may know that a particular act is wrong, and yet, if he is laboring under a delusion and his will is overpowered by an irresistible impulse which results from his peculiar delusion, he can not be held criminally responsible for the commission of the act. In view of the many references to the homicide as the "act," and the specific instructions to the jury that, if the accused was laboring under delusional insanity, he could not be held criminally responsible for his "act," we can not see how the jury could have construed the inadvertent use of the term, criminal act, contained in the extract from the charge, to which exceptions are here taken, as an expression of opinion that the homicide was in fact a criminal act. *Adams* v. *State,* 125 *Ga.* 11 (4) (53 S. E. 804); *Wilson* v. *State,* 152 *Ga.* 337 (4) (110 S. E. 8); *Wilson* v. *State,* 190 *Ga.* 824, 831 (7) (10 S. E. 2d, 861); *McMullen* v. *State,* 199 *Ga.* 521 (1) (34 S. E. 2d, 892).

Other grounds of the amended motion, not covered by the rulings here made, have been examined and present no question that would require the grant of a new trial.

*Judgment affirmed. All the Justices concur.*