46368.  HALL v. THE STATE.

EBERHARDT, Judge. Ronnie Hall was indicted, tried and convicted of the offense of aggravated battery, for that he did shoot Willie Weems, Sr., with a shotgun, causing him to lose his eyesight in both eyes. From the judgment of conviction he appeals, enumerating as error (1) failure of the court "to charge the jury completely as to the issue of use of force in defense of self," (2) denying the defendant a thorough and sifting cross examination, (3) separating (in the charge) the defendant's unsworn statement from the remainder of the evidence, and (4) accepting the verdict, because it is without evidence to support it. *Held:*

1. Enumeration number 4 is without merit. There is ample evidence in the record which authorized the verdict. It appears that the defendant became involved in an argument with Willie Weems, Jr., a son of Willie Weems, Sr., who was a security guard at a shopping center, left and went for a gun, and shortly returned with a shotgun. When he sought to enter the store where Willie Weems, Jr., had been left he found it to be closed and locked, and waited about the entrance. Willie Weems, Sr., had driven up, was sitting in his car and was shot in the face by defendant after he got out of the car. Defendant contended on the trial that Weems, Sr., had indicated by remarks made that he would protect his son, that he had a gun in his pocket, and that he had crouched behind the car and was shot when he stood with his hand either by his side or behind him. Weems, Sr., testified that he was shot as he got out of the car, and that he had no gun. A witness for the State testified that he had seen the defendant with his shotgun pointed at Weems, Sr., that Weems reached to his back pocket and pulled a gun out of it, that defendant said to him "put that gun back in your pocket," whereupon Weems did, saying, "O.K., son, I'll put it back in there." At that time the witness yelled to defendant admonishing him not to start anything and to go home, and defendant backed up about 10 steps, that Weems walked to the right fender of his car and as he "ducked down" in a crouch was shot, after which defendant turned and ran. Whether

Weems was reaching for his gun as he "ducked down" the witness could not say.

2. In appellant's brief counsel asserts that "Appellant admits that he was initially the aggressor, but also contends that he withdrew from the encounter and effectively communicated this to the alleged victim and that the alleged victim threatened to continue the use of unlawful force." In enumeration number 1 it is contended that there was error in failing to "charge the jury completely as to the issue of the use of force in defense of self."

An examination of the charge reveals that the jury was instructed that "A person is justified in threatening or using force against another when and to the extent he reasonably believes such threat or force is necessary to defend himself or a third person against some other's imminent use of unlawful force. However, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily harm to himself or a third person, or the commission of a felony. Now, a person is not justified in using force under the paragraph which I have just read to you if he initially provokes the use of force against himself with intent to use such force as an excuse to inflict bodily harm upon the assailant or is attempting to commit or is committing or fleeing after the commission or attempted commission of a felony."

Appellant contends that in this connection the court should have charged, additionally, that portion of *Code Ann.* § 26-902 (b) (3) which provides that one is not justified in the use of force if he was the aggressor, unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other notwithstanding continues or threatens to continue the use of unlawful force.

We do not find this to have been required under the evidence here. While it is true that there was evidence that defendant, with his shotgun drawn on Weems, commanded him to put his gun back in his pocket and that Weems did so, and that defendant backed up for some 10 steps, it appears that he continued to keep his gun aimed at Weems and that Weems

apparently sought the cover of the automobile fender. There was never any withdrawal by defendant, nor do we find any communication from him that he so intended when he continued to hold the gun aimed at Weems after Weems, in obedience to defendant's command, had put his gun in his pocket.

3. Appellant asserts that he was denied a thorough and sifting cross examination of one of the State's witnesses. We have examined the record and it appears to us that the court allowed a full cross examination. There was no cutting off of the cross examination by the court, nor do we find any exception on that ground in the trial court. True enough, the judge did rule adversely on a question of the admissibility of some of the testimony that was brought out or sought to be brought out, but there is no enumeration of error as to that.

4. Error is enumerated on the "separation" of the unsworn statement from the "remainder of the evidence" by the court in the giving of the charge. Concerning this the court charged: "Now, if after hearing all the evidence, including the defendant's statement, you believe beyond a reasonable doubt that the defendant is guilty . . ." and "If, after hearing all the evidence, including the defendant's statement, you have a reasonable doubt as to the guilt of the defendant . . ." We find no error in this. It was an admonishment to the jury that they were to consider the unsworn statement along with the other evidence.

We do not regard this charge as amounting to a "separation" of the charge from the evidence, but even if it were there was no error. "It is not erroneous for a judge, when charging the jury in a criminal case, to 'keep the evidence distinct from the statement' of the accused, and 'shape the general tenor of the charge by the evidence alone and the law applicable to it,' taking care, however, to give appropriate instructions respecting the statement." *Tucker v. State,* 114 Ga. 61 (5) (39 SE 926). And see *Sledge v. State,* 99 Ga. 684, 685 (26 SE 756); *Bragg v. State,* 15 Ga. App. 623 (5) (84 SE 82).

The court specifically charged in relation to the right of the defendant to make an unsworn statement, and as to the effect thereof.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*

384

SUBMITTED JUNE 30, 1971—DECIDED SEPTEMBER 7, 1971.

*Jackson, Patterson & Parks, P. Andrew Patterson, Gilbert & Carter, Fred A. Gilbert,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Creighton W. Sossomon,* for appellee.