## HAYS *v.* THE STATE.

1. The indictment in this case was sufficient to withstand the grounds, general and special, of the demurrer thereto.
    (a) In an indictment against an employee of a corporation, drawn under the Penal Code, § 188, it is not necessary to state that the accused was employed in any department, station, or office " in the house of or place of business of the corporation"; nor from whom the accused received the money alleged to have been embezzled.
    (b) Where in such an indictment it was alleged that the accused made fraudulent reports to the corporation of the money collected for it by him and fraudulently concealed from it the true amounts so collected, with intent to embezzle, etc., it was not necessary to state "the nature and character of the alleged false and fraudulent reports."
2. Assignments of error upon the admission of evidence will not be considered when it does not appear what the evidence admitted was or what objection was made to its admission.
3. Failure to refer to the prisoner's statement while charging on reasonable doubt was not erroneous, especially where, in another part of the charge, the jury was fully and correctly instructed as to the statutory provisions in reference to such statement.
4. " A portion of a charge wherein a complete, accurate, and pertinent proposition is stated is not, in and of itself, erroneous simply because it fails to embrace instructions which would be appropriate in connection with that proposition."
5. The evidence warranted the verdict, and there was no error in refusing a new trial.

Argued October 22, — Decided November 5, 1901.

Indictment for embezzlement. Before Judge Littlejohn. Sumter superior court. May term, 1901.

The indictment charged E. L. Hays with "the offense of embezzlement; for that the said E. L. Hays, on the 28th day of August, 1900, in the county aforesaid, did then and there, unlawfully and with force and arms, being then and there in the employment of the Whitley Gro. Company, a corporation chartered under the laws of Georgia, whose principal office and place of business was and is located in the city of Americus, said State and county, and being then and there so employed by said corporation as a traveling salesman, and as such traveling salesman it was the duty and province of the said E. L. Hays to sell goods, both for cash and credit, for said corporation, and to collect money for said goods so sold, and to promptly pay over to said corporation at its place of business in the city of Americus said sums of money so collected, did as such salesman at divers times and continuously during the years 1897,1898,1899,and 1900, sell goods for said corporation under said employment to various parties, and collect therefor from such parties large sums of money at divers times, of which said sums of money so collected by him as such employee he failed and refused to pay over to the said Whitley Grocery Co. from time to time, as collected, sums of money, aggregating $2,300.00, which last said sum of money he did then and there, at divers times during said years, embezzle, steal, secrete, and fraudulently take and carry away, and did then and there make fraudulent reports to said corporation of the amounts so collected by him at various times, and fraudulently conceal from said corporation the true amount so collected, with the intent then and there to embezzle, steal, and fraudulently take and carry away the sums of money so collected. All of said sums of money so entrusted to him as such employee as aforesaid by said corporation was then and there the property of the said corporation, and was by him to be promptly paid over as collected to said corporation at its principal office in the city of Americus, Sumter county, Georgia."

There was a demurrer on the following grounds:

(1) The facts charged do not constitute the offense of embezzlement. The indictment shows that the defendant was not employed in any department, station, or office in the house of, or place of

business of, the corporation of the Whitley Grocery Company, but that he was a traveling salesman of said corporation; and under the allegations of the indictment he did not in legal contemplation commit the offense of embezzlement. . . The indictment does not set forth the offense of embezzlement, in that it does not allege that said position of traveling salesman is an employment in any department, station, or office in said corporation, the Whitley Grocery Company. (2) The indictment does not charge the offense in the terms and language of the Penal Code of this State, nor so plainly that the nature of the offense charged may be easily understood by the jury. (3) It does not allege from whom, or what parties or persons, moneys were collected, or where appropriated, or in what county the same were entrusted, collected, or appropriated. (4) It does not show or allege the nature and character of the alleged false and fraudulent reports. (5) It does not allege that the principal office and place of business of the Whitley Grocery Company was and is located in the city of Americus, Sumter county, said State, prior to the 28th day of August, 1900, or that the said Whitley Grocery Company was a corporation prior to that time, or that the defendant was in the employment of the said company prior to said date, as a corporation. (6) It is loose, vague, indefinite, uncertain, and contradictory. (7) It does not charge the offense of embezzlement as having been committed on the 28th day of August, 1900, or subsequently thereto, and does not charge that prior to the said date the said Whitley Grocery Company was a corporation.

*J. B. Hudson, E. T. Hickey, S. R. Stevens*, and *J. R. Williams*, for plaintiff in error.

*F. A. Hooper, solicitor-general*, and *Allen Fort & Son*, contra.

FISH, J. E. L. Hays was convicted of embezzlement. He excepted to the overruling of a demurrer to the indictment, and to the judgment overruling a motion for a new trial. The indictment and demurrer are set out in the reporter's statement.

1. There was no error in overruling the demurrer upon the general ground, as the indictment unquestionably charged the accused with the commission of the offense of embezzlement under section 188 of the Penal Code. There is no merit in the special ground of the demurrer, that the indictment does not charge that the accused

was employed in any department, station, or office "in the house of, or place of business of, the corporation of the Whitley Grocery Company, but that he was a traveling salesman of said corporation." Under the provisions of the section of the Penal Code above referred to, "if any officer, servant, or other person employed in any department, station, or office in any bank or other corporate body in this State . . shall embezzle, steal, secrete, or fraudulently take and carry away any money," etc., belonging to such corporation, he shall be guilty of the offense of embezzlement; and it is clear that, to constitute the offense, such officer, servant, or other employee need not be employed "in the house of, or place of business of, [the] corporation." The statute was intended to include all employees of such corporations who should commit the offense in this State, without reference to the particular place where their duties were performed.

Nor do we think the indictment bad in that it failed to allege from what person Hays collected the money for the Whitley Grocery Company, which he is charged with having embezzled.    In support of this ground of the demurrer, plaintiff in error relies upon *Hoyt* v. *State*, 50 *Ga.* 313.    It was there ruled that under an indictment charging the accused with having received a certain sum of money to be applied for the use or benefit of the bailor, and that on a certain day he fraudulently converted a specific portion thereof to his own use, evidence was not admissible that he had reported to the bailor special payments as made to particular persons, and that such payments had not in fact been made in the amounts so reported, or that no such persons ever existed. It was held that each of such fraudulent acts would be a crime, and proof thereof would be sufficient to sustain a conviction; and that the indictment should contain specific charges of such acts, to authorize the admission of evidence showing that they had been committed.    It will be readily seen that the point there decided was entirely different from the one presented by the ground of the demurrer we are now considering.    The question here is, whether it was necessary for the indictment to set out the names of the persons from whom the accused received the money alleged to have been embezzled by him, while there it was decided that evidence of the commission of an offense not charged in the indictment was not admissible.    In 7 Encyclopædia of Pleading and Practice, 424, it is said : " . . where

property has been received from others than the defendant's employer, by virtue of his employment, it is sufficient to allege that the defendant, while he was employed, etc., did, by virtue of his employment, receive and take into his possession, etc., in the name and on account of his employer, without naming the persons from whom the property was received;" and the text is sustained by State v. Lanier, 89 N. C. 517, State v. Broughton, 71 Miss. 90, and State v. Flint, 62 Mo. 393, which are cited. See *Jackson* v. *State,* 76 *Ga.* 574; Brown v. State, 18 Ohio St. 506. Nor was it necessary for the indictment to state "the nature and character of the alleged false and fraudulent reports," as these were simply evidence of the commission of the offense.

2. The proposition stated in the second headnote has been so frequently ruled by this court that citations of the decisions are not necessary.

3. In the motion for a new trial error is assigned upon the failure of the court to refer to the prisoner's statement while instructing the jury as to reasonable doubt. This assignment of error is without merit. The exact point was made and ruled upon in *Vaughn* v. *State*, 88 *Ga.* 731, where it was held: "The general tenor of the charge of the court on the trial of a criminal case should be shaped by the evidence alone and the law applicable thereto, adding, or at some stage of the charge incorporating, the statutory provisions touching the prisoner's statement, and in case of special request to charge on the statement, granting such request if the matter requested be appropriate." This ruling has been approved and followed in *Miller* v. *State*, 94 *Ga.* 1, *Lacewell* v. *State*, 95 *Ga.* 346, *Sledge* v. *State*, 99 *Ga.* 684; *Hoxie* v. *State*, ante, 19. It appears from the record in the present case that the jury was fully and correctly instructed as to the statutory provisions in reference to the prisoner's statement, in another portion of the charge.

4. The motion for a new trial complains that several designated portions of the charge were erroneous, because the judge failed to give, in connection therewith, other specified legal propositions, alleged to be appropriate. This court has several times ruled that an exception to a correct charge, because of failure to give, in the same connection, some other pertinent legal proposition, is not a good assignment of error. *Keys* v. *State*, 112 *Ga.* 392, and cases cited.

5. The evidence warranted the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*