## ROBERTS *v.* THE STATE.

1. In a close and doubtful case it is error for the judge to refuse to give the jury, upon an appropriate written request submitted in due time, a charge applying to the facts, as shown by the evidence for the party making the request, the law applicable thereto ; and this is true although the judge in his charge states the abstract principle of law applicable to those facts.

2. The failure to charge a proposition of law applicable to the case can not be taken advantage of by assigning error upon a charge which is abstractly correct.

3. When the charge embraces a section of the code which contains a technical term of the law, the meaning of which is probably not understood by a person unlearned in the law, such term should be so defined as to convey to the jury a correct idea of its meaning.

Argued December 16, — Decided December 20, 1901.

Indictment for murder.    Before Judge Hart.    Jasper superior court.    November 5, 1901.

*Lane & Park* and *Greene F. Johnson,* for plaintiff in error.
*H. G. Lewis, solicitor-general,* contra.

COBB, J.    The accused was placed on trial, charged with the offense of murder, and was convicted of voluntary manslaughter. He excepted to a judgment of the court refusing to grant him a new trial.

1. Counsel for the accused in due time submitted to the trial judge in writing a request to charge, which, after stating that the Penal Code declares it to be justifiable homicide for one to kill another who manifestly endeavors by violence or surprise to commit a felony on the person of the slayer, concluded in the following language: "The court charges you that it is not essential, in order for such killing to be justifiable, that an actual assault should have been made upon the person of the slayer, or that a blow should be actually given or struck. Nor is it essential, for such killing to be justifiable, that the assailant be within striking distance or reach of the slayer, if the attack be apparently imminent. It is sufficient, in order to make this defense available, if it appears that the circumstances were sufficient to excite the fears of a reasonable man that a felony was about to be committed upon his person, and that the party killing acted under the influence of those fears and not in a spirit of revenge." This request contains propositions of sound law. See *Cumming* v. *State,* 99 *Ga.* 662 (2); *Johnson* v. *State,* 105 *Ga.* 665; *Stubbs* v. *State,* 110 *Ga.* 917. An examination of the brief of evidence shows that the charge requested was peculiarly appropriate to the defense set up in the evidence introduced in behalf of the accused. The charge of the judge contains the substance of the section of the code relating to justifiable homicide, and refers in a general way to the rule, that when the circumstances are sufficient to excite the fears of a reasonable man that a felony is about to be committed on him, and he acts under the influence of those fears and not in a spirit of revenge, the killing is justifiable; but nowhere in the charge is there any reference to the application of this general principle to the particular facts of the case. Under such circumstances the judge should have given the charge requested by counsel for the accused, and his refusal to do so is, in the present case, error requiring the granting of a new trial. In *Haynes* v. *State,* 17 *Ga.* 465, 483, Judge Lumpkin said: " I give it as the result of thirty-four years' experience that ordinarily *general charges,* however abstractly true, are worse than useless — their effect being to misguide instead of directing the jury to a right finding; and the only instructions which are worth anything are such as enable the jury to apply the law to the *precise case* made by the proof." In the case of *Slade* v. *Paschal,* 67 *Ga.* 541, 545, Mr. Justice Speer said: " To charge an abstract principle

of law is well enough, but when the request goes further and seeks a charge that applies that principle to the facts of the case, if the proof justifies its application, to refuse it is error. An abstract principle given may make but a slight impression on a jury, but when it is applied hypothetically to the facts, it aids the jury to a correct result, and is one of the most potent means in the hands of the court of having the law applicable to the facts fairly administered." See also *Langston* v. *Marks,* 68 *Ga.* 435 (5); *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 501 (5); *Taylor* v. *State,* 105 *Ga.* 846 (2). The present case being close and doubtful under the evidence, the accused was entitled to have the law applicable to his defense fully stated to the jury; and the charge not attempting in any way to apply the law relating to his defense to the particular facts of the case, an appropriate written request having this effect, when properly presented and in due time, should have been given in charge to the jury. The request presented was of the character just referred to, and was submitted in the time required by law, and the refusal of the court to charge the same is such an error, in a case of the character now under consideration, as to require us to reverse the judgment refusing a new trial. While the charge as a whole contains the abstract principles of law applicable to the case, it does not in any way attempt to apply any of these principles to the particular facts of the case; and the omission of the judge to make proper application of these principles is an additional reason in the present case why the refusal to give the request above referred to was such an error as required the granting of a new trial.

2. The motion for a new trial contains several grounds in which extracts from the charge are set forth; it not being contended that these extracts do not of themselves contain sound propositions of law, but the assignments of error thereon being that the court failed to give, in connection with such extracts, other instructions which were alleged to be appropriate in the case. In *McIver* v. *Rwy. Co.,* 108 *Ga.* 306, 309, Mr. Presiding Justice Lumpkin, in referring to an assignment of error of this character, says: " We do not think this is the proper way in which to make a question of this kind. If counsel desired any particular principle of law to be given in charge, they should have submitted to the court an appropriate request in writing. Or, if the principle in question was one necessarily involved in the trial, they ought, independently of other

matters, to have excepted to the failure of the judge, even though not so requested, to charge the jury thereon." This doctrine was followed in the cases of *Lucas* v. *State*, 110 *Ga.* 756; *Wood* v. *Collins*, 111 *Ga.* 32 (5); *Keys* v. *State*, 112 *Ga.* 392 (4); *Barnes* v. *State*, 113 *Ga.* 189; *Central of Ga. Ry. Co.* v. *Grady*, 113 *Ga.* 1045; *Hays* v. *State*, 114 *Ga.* 29; *Tucker* v. *State*, Id. 61.

3. Complaint is made that the court erred in failing to explain to the jury the meaning of the word "felony," this being a technical term of the law having a definite meaning under our code, and being a term necessary to be used in instructing the jury upon the law relied on by the accused as affording him a defense to the charge upon which he was being tried. To charge a jury of even more than average intelligence but who are unlearned in the law, that one who acts under the fears of a reasonable man that a felony is about to be committed on him by another would be justified in taking the life of such person, without explaining what is meant by the term "felony," leaves the jury almost if not entirely in the dark as to what is necessary to constitute a defense in such a case. Whether or not the failure to explain the meaning of this term would, in the absence of an appropriate written request so to do, be such an error as would require the granting of a new trial, is not necessary to be determined in the present case; for a new trial is demanded upon another ground in the motion. But in all cases where the term "felony," or other technical term of the law, is contained in a section of the code which is given in charge, the meaning of such term should be explained to the jury.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*