## SACKETT *v.* STONE *et al.*

1. Where one having no interest in the matter advances money to pay the debt of another, he can not claim subrogation to the rights of the creditor, in the absence of any express or implied·agreement to that effect.
2. There was no material error in any of the charges complained of ; under the issues involved in the case there was no error in the admission or rejection of evidence ; and the evidence warranted the verdict upon the issues submitted by the court.
3. The plaintiff claimed under two separate and distinct deeds.   The judge fairly and fully submitted to the jury the plaintiff's claims and contentions under one of these deeds, but did not submit to them his claims under the other. This court, therefore, orders a new trial, but directs that it be confined to the trial of the rights of the parties under the deed which was not passed upon by the jury.

Submitted March 1, — Decided April 30, 1902.

Equitable petition.   Before Judge Brinson.   Taliaferro superior court.   May 14, 1901.

*Anderson & Grace,* for plaintiff.
*Samuel H. Sibley,* for defendant.

SIMMONS, C. J.   An equitable petition was filed by Sackett against Mrs. Stone, W. A. Stone (her husband), F. B. Taylor, sheriff, and the Georgia Loan and Trust Company.   This petition alleged, among other things, that Stone had in 1885 purchased of Bacon a described tract of land, paying half of the purchase-money and giving notes for the balance, ·Bacon making him bond for title.   In

1889 Stone still owed the amount of the notes given for the balance of the purchase-money, and applied to the loan company for $1,600 with which to pay off these notes. The company got plaintiff to lend the money, and it was applied to the payment of the notes to Bacon. On November 23, 1889, Bacon by deed conveyed the land to Stone. On December 2, of the same year, Stone gave notes for the $1,600 so borrowed, and executed a deed to the land to secure these notes. For convenience the notes and deed were made to the loan company, and not to plaintiff. Mrs. Stone, claiming to have advanced the first payment made on the land by Stone to Bacon, secured a judgment against Stone with a special lien upon the land. Plaintiff claimed that his rights were superior to those of Mrs. Stone, by reason of the fact that the money loaned by him was to pay the balance of the purchase-money, was actually applied to that end, and was the means by which Stone obtained title to the land. Upon these grounds was based a claim in the petition that petitioner had been subrogated to the rights of Bacon to have the title of the land as security for the balance of the purchase-money in the event the security deed proved ineffectual. This portion of the petition was demurred to by Mrs. Stone, on the ground that the facts shown did not entitle plaintiff to subrogation. This demurrer was sustained, and the plaintiff excepted pendente lite. In his bill of exceptions he assigned error on these pendente lite exceptions.

1. Under the allegations above set out, the court did not err in sustaining the demurrer. So far as appears from the allegations of the petition, the plaintiff was a stranger to the transaction by which Stone purchased the land from Bacon. He had no connection whatever with the trade, with the land, with the debt, or with either party, and had no interest in the land to protect. In order that he should be entitled to subrogation to Bacon's rights he must have made an agreement, express or implied, with either Bacon or Stone, that he should be substituted in Bacon's place and retain the claim on the land for the purchase-money. This agreement must have been made not later than the day of the satisfaction of Bacon's claims. At the time Stone received the money and paid Bacon, it does not appear that the latter had any right or title to the land; for Bacon conveyed the land to Stone on November 23, and Stone did not give his notes and deed to the loan company until December 2. The petition further fails to allege any agreement

or understanding between plaintiff or the loan company and either Stone or Bacon that the plaintiff should be subrogated to the rights of Bacon, nor is there any intimation that it was contemplated on December 2, 1889, that the plaintiff or the loan company should be subrogated to Bacon's rights. For these reasons we think that the demurrer was good, and that the judge properly sustained it. *McCowan* v. *Brooks*, 113 *Ga.* 532; *Wilkins* v. *Gibson*, 113 *Ga.* 31.

2. The record shows that Mrs. Stone had obtained a judgment against her husband for $1,500, with a special lien upon the land in dispute, upon the ground that she had paid that amount of money on the first payment made to Bacon. This judgment was obtained in an equitable proceeding brought against her husband, and was rendered at the first term of the court by consent of the husband, for whom the wife's attorney wrote an answer admitting all the facts set up in the petition. This attorney also wrote the consent to a trial at the first term. Sackett in his petition attacked this judgment, on the ground that it was fraudulent and collusive. On the trial plaintiff showed the facts just above recited, and relied solely upon them in his attack upon the judgment. Mrs. Stone showed by evidence that she had obtained the $1,500 from the sale of certain lands inherited from her father and mother, and had given that sum to her husband to buy her a home, and that he did make the first payment on the land with this money. She also showed that she exercised acts of ownership and control over the land by renting it out, making contracts with the tenants and purchasing supplies for them in her own name, and that she had publicly claimed the land as her own since the day of the purchase. She also showed that she had written to the loan company several letters in which she stated and set out her claims to the land or an interest in it. These letters were never received by the company, and were not relied upon as notice to the company but as evidence of the good faith of the writer. The jury found in favor of Mrs. Stone's contention, and in our opinion the evidence demanded this finding. There was objection made by the plaintiff to the evidence showing her acts of ownership and control and the publicity of her claim. The objection was overruled. Her judgment had been attacked as fraudulent and collusive, and we think she had the right to introduce this evidence to show that she had acted bona fide in the matter, and that her claim was genuine and not trumped up

after this litigation commenced or after Stone had borrowed money of the plaintiff or the loan company. We think there was no error in admitting this evidence. Exception was taken to certain portions of the charge of the court on this subject. We have carefully considered them, and think there was no material error in any of them.

Mrs. Stone in defense to the plaintiff's action set up that the security deed relied upon by the plaintiff was void for usury. She contended that her husband had never had any contractual relations with the plaintiff, but had contracted solely with the loan company, through one of its agents, that this company had retained a large commission besides charging eight per cent. per annum, the full legal rate of interest, upon the loan, and that plaintiff was merely a purchaser from it. The plaintiff contended that he had never received anything more than eight per cent., that if commissions were taken out of the amount sent by him to Stone, it was done by the latter's agents and not by the plaintiff, and that plaintiff was ignorant of the retention of any commissions. The evidence on this issue was conflicting, but there was enough to authorize the jury to find in favor of Mrs. Stone's contention and against that of the plaintiff. The trial judge was satisfied with the verdict, and there was evidence to support it. Complaint was made in the motion for new trial of the charge of the court in regard to this issue. We have read the whole charge, and find that, in regard to the question of usury in the security deed, it was full and fair and submitted the issue impartially to the jury. Considering the exceptions in connection with the entire charge, we find no error in the portions of the charge to which exception was taken. We can not, therefore, interfere with the refusal to grant a new trial upon this issue.

3. As before recited, it appears that Stone, at the time he borrowed the money to pay the notes he had given to Bacon, secured the loan by a security deed in favor of the loan company. After the loan matured, in December, 1895, finding that he was unable to pay the notes given the loan company, he executed to that company the following instrument, indorsed on the bond for titles it had given him : "Georgia, Wilkes county. Whereas I am indebted to the Georgia Loan & Trust Company for $1,600 borrowed money, besides interest, and am unable to pay the same, therefore, in consideration of said debt, I hereby transfer to said company, its suc-

cessors and assigns, all of my right, title, and interest in and to the within tract of land, at the same time surrendering this bond for titles to said company. Witness my hand and seal, this the 16th day of December, 1895." This was signed, sealed, and delivered by Stone, and attested by the clerk of the superior court and another witness. This instrument is referred to in plaintiff's petition as evidencing a sale of Stone's equity of redemption. In the brief of plaintiff's counsel it is so styled in some places and in others called a deed. Whatever it may be, the plaintiff claimed that, if the first or security deed was void for usury, this instrument was not void, because it was not a security deed but the payment of the debt of Stone, and was taken without any notice of the intervening equity of Mrs. Stone; that the loan company, as plaintiff's trustee, therefore received a title good as against her equity. On the other hand, Mrs. Stone contended that she had given actual notice to the company's agent that the first payment on the land to Bacon had been made with her money. The plaintiff denied that its agent had ever received such notice, and denied that it was ever given any notice whatever of her claim prior to the execution of this second "deed." The company's agent admitted that Mrs. Stone had asked him to arrange to satisfy the company's claim with a portion of the land and arrange to give her a small part of it, but he denied that she had ever told him that she had a claim against her husband or the land. It will thus be seen that the effect of this second conveyance to the company was a material issue in the case; but it appears that for some reason the able judge who tried the case failed entirely to submit it to the jury. His failure to do so is complained of in the motion for a new trial, and this ground was approved by the judge. Counsel for the defendants in error claims in his brief that this issue had been abandoned on the trial, but we have looked carefully through the whole record and find no intimation that it was abandoned. Nothing of the sort can be found in the brief of evidence or charge of the court, nor does the judge so state in his approval of the grounds of the motion for a new trial. This was a material branch of the case, and it was the duty of the court to submit it to the jury. As he failed to do so, we are constrained to grant a new trial, but not as to the whole case. The other issues above discussed were decided by the jury against the plaintiff, upon evidence authorizing their finding, and under full and

fair instructions from the court. We therefore direct that these questions remain settled so far as this case is concerned, and that the new trial be confined to the issues raised upon the second conveyance to the loan company. If the jury finds in favor of Mrs. Stone on these issues, let the court enter a decree in her favor. If the verdict be in plaintiff's favor, let injunction issue against the sale of the land under Mrs. Stone's execution.

*Judgment reversed, with direction. All the Justices concurring, except Lewis, J., absent.*