## WILSON v. WILSON.

1. It was error for the court to give to the jury instructions which restricted them, in passing upon certain material evidence, to a consideration of it for the purpose of determining one question, when the evidence was material to a determination of other questions, and had been admitted generally and for all purposes.
2. An erroneous statement of the contentions of a party upon a material point in the case, which may have confused the jury in regard to the question involved, is ground for the granting of a new trial.

Argued January 13,—Decided May 16, 1908.

Equitable petition: Before Judge Felton. Bibb superior court. April 29, 1907.

J. R. Wilson brought his action against Mary E. Wilson to reform a deed, the petition alleging substantially the following: Petitioner is the owner in fee-simple of a one-half undivided interest in a certain tract of land in Macon, Bibb county, Georgia, and the defendant is his wife, he having married her in 1865. They bought the property in dispute together, in 1880, and paid for it jointly as they obtained the money. He could neither read nor write, and they agreed that she make the trade for the property and have the deed to it made jointly to them. At that time he had implicit confidence in her, and left entirely to her all arrangements of the purchase, such as closing the trade with the grantor and having the deed drawn in accordance with the same; and she informed him that she had done as he had instructed and as she had agreed to do, and that the deed had been made to both of them jointly, when, in fact, as he has since recently learned, the deed to the said property, made in consideration of $100 paid by them jointly, was drawn with Mary J. R. Wilson named as grantee. This is a mistake and constitutes a fraud against petitioner's legal rights, for there is no such person as Mary J. R. Wilson. Notwithstanding this fact, the defendant is claiming the whole of

the property as her own, to the exclusion of petitioner entirely, and denies that he owns any interest in it. She has taken possession of and has secreted from him all deeds and papers bearing upon the purchase of the premises; and while her own name is Mary E. Wilson, she has, for the purpose of defrauding him out of his right in the premises, represented her name to be Mary J. R. Wilson, and claims that this name, in the said deed, is the name of herself and of no one else, and that no one else was intended to be named as grantee therein. This is incorrect and false; and if she is allowed to prevail in this fraudulent contention, great injustice will be done petitioner, and he will lose the savings of a lifetime, all of which were invested by him from time to time, as he could lay the money aside, in the purchase of the premises described and the erection of improvements thereon. The above-mentioned deed should have been made jointly, and the parties at the time intended to make it jointly, to Mary E. and J. R. Wilson; and the defendant is now seeking to take advantage of a mistake in the execution of the deed, to defraud petitioner out of his legal rights in the premises. He did not know of the defendant's intention to deprive him of his property, until recently. The defendant in her answer denied the material allegations of the petition. A verdict was rendered in her favor. The plaintiff's motion for a new trial was overruled, and he excepted.

*R. Douglas Feagin,* for plaintiff.

*Miller, Jones & Miller,* for defendant.

BECK, J. (After stating the facts.)

1. Among other grounds of the motion for a new trial was one containing an assignment of error upon the following charge of the court: "All of the documentary evidence in the case is submitted for the consideration of the jury in order that you may determine the question of good faith, the question as to what this woman's name was or what she was known by, the question of whether or not the name Mary J. R. Wilson in the deed from Mrs. Jones to Mary J. R. Wilson was in point of fact a mistake, or was the name by which in commercial transactions she transacted her business; the defendant contending that in the transaction of her business, in buying and trading and dealing, in order to designate herself, she was known as Mary J. R. Wilson and that was the name under which she was known commercially and under which

she transacted all the commercial business she had." Exceptions
to this charge were numerous and varied, and many of them with-
out merit; but the criticism to the effect that the jury might un-
derstand it as restricting their consideration of all the documentary
evidence in the case to the determination of the question of good
faith, and of the question as to what was the defendant's name or
what name she was known by, points out a defect in the charge
which may have been materially hurtful to the plaintiff; for some
of the documentary evidence submitted for the consideration of
the jury was for general evidentiary purposes, and the jury had
the right to take it into consideration for all such purposes. The
plaintiff himself had introduced documentary evidence (the origi-
nal deed and the certificates of tax returns), not for the sole pur-
pose of illustrating the question of good faith, but to prove the
truth of essential allegations in his petition,—that he had an in-
terest in the property; that the deed, with the explanations made
by oral testimony, showed an interest in him, and that the defend-
ant's testimony as to how the property had been returned for taxes
and as to how the taxes had been paid was not true; and, inas-
much as this charge tended to deprive the defendant of the full
effect that the jury might have seen fit to give to some of the docu-
mentary evidence but for the restrictive instructions, the charge
was erroneous. The error was such as requires the granting of a
new trial, in order that the jury may pass upon all the evidence in
the case, in the light of proper instructions applicable to the same.

2. In another portion of the charge, preceding that to which we
have already referred, the court instructed the jury as follows:
"The other contention [of the plaintiff] which is made is this,
that there was an agreement between himself and wife that they
would buy this piece of land and jointly pay for it, equally di-
viding the expense, the purchase-money price, and that his wife
fraudulently procured the title made to herself, and that that raises
an equity on his part to have that deed rescinded and cancelled and
his title established by decree to one undivided one-half interest
in it." The error in this charge consists in the inaccurate state-
ment, as one of the contentions of the plaintiff, that the defendant
"fraudulently procured the title made to herself." This was such
an inaccuracy that we are unable to hold that it was not hurtful
to the plaintiff; for the plaintiff's contention was not that the

defendant had procured the title to be made to herself, but that the deed on its face was a conveyance of the property in dispute to "Mary J. R. Wilson," and that there was no such person; and that the use of the name "Mary J. R. Wilson" made an ambiguity in the deed. This same inaccuracy in the presentation of the particular contention now under consideration exists in other portions of the charge excepted to, and upon the next trial should be eliminated, so that a more exact statement of the plaintiff's position in regard to this question may be submitted to the jury by the judge in his instructions.

Save as to error dealt with in the first division of this opinion, and the inaccuracy which we have just pointed out, none of the other exceptions to the charge or rulings of the court are erroneous for any of the reasons assigned. And we apprehend that the inexact statement of the contentions of the plaintiff, as dealt with in the second division of the opinion, is largely due to the fact that in the plaintiff's petition his contentions are inaptly and confusedly stated, and that the court (no special demurrer having been filed to any part of the declaration) was, in his charge to the jury, left to deal with the petition, containing, as it did, many vague and confused allegations.

*Judgment reversed. All the Justices concur.*