## SAVANNAH GUANO COMPANY *v.* CHRISTIAN.

1. The court did not err in refusing a written request to charge which in part defined a voluntary deed as one that was without a "reasonable" consideration.
2. The court erred in refusing to give the jury instructions, duly requested in writing, to the effect that the consideration of the deed upon which the claimant relied might be inquired into and shown by evidence, and that if the jury should find from the evidence that there was no valuable consideration for the deed to the claimant from her father, the grantor in the deed, they should find it was a voluntary deed and of no effect as against the plaintiff.
3. A charge of the court excluding from consideration by the jury contentions of a party to the cause on trial as to material issues, in support of which evidence has been introduced, is ground for the grant of a new trial.

No. 4618. JANUARY 17, 1925.

Claim. Before Judge Hutcheson. Newton superior court. September 17, 1924.

*Reuben M. Tuck* and *Eldridge Cutts,* for plaintiff.

GILBERT, J. On March 25, 1914, H. C. White executed and delivered to the Savannah Guano Company a mortgage on a lot of land in Newton County upon which there was a dwelling-house. Subsequently proceedings to foreclose this mortgage were instituted, and in due course, on the 24th day of May, 1919, a judgment of foreclosure was rendered. A fi. fa. based upon this foreclosure was levied upon the property in question, and Mrs. Florence Christian, a daughter of the mortgagor, interposed a claim. The issue made by the levy and claim came on for trial, and the jury returned a verdict in favor of the claimant. The plaintiff in fi. fa. made a motion for new trial, which was overruled.

1. The claimant in this case introduced in evidence a deed from H. C. White, which she claimed was executed and delivered to her by the grantor named, dated November 14, 1908, but which was not recorded until after the death of the grantor and subsequently to the date of the mortgage in favor of the plaintiff. This deed purports to be for a valuable consideration; but the plaintiff insists that it was a voluntary deed and without consideration. There was evidence in the case which would have authorized the jury to find in favor of this contention of the plaintiff, and upon the trial plaintiff's counsel duly requested the court in writing to charge the jury as follows: "A deed made without the considera-

tion of money or other thing of value, but on consideration of love and affection, or if without any reason [reasonable] consideration, is in Georgia called a voluntary deed. A voluntary deed (such as I have described) is void and of no force as against one taking a mortgage lien on the premises embraced in the deed, if said mortgage is taken to secure a real indebtedness and without actual notice of the existence of such voluntary deed." If the requested charge had properly defined a voluntary deed, it should have been given; but the definition, while in part correct, was incorrect in that in effect it defined a voluntary deed, not only as one without a valuable consideration, but as one for which there was a consideration, if the consideration was not "reasonable." The consideration for which a conveyance is executed may be inadequate and, in the opinion of the jury, unreasonable, and yet be a conveyance for a valuable consideration and not affected with the infirmities of a voluntary deed, though it may for some other reason be void as against creditors of the grantor.

2. There was also evidence in the case which would authorize the jury to find that, although the deed recites a valuable consideration, there was in fact no such consideration paid. The evidence for the claimant tending to show that there was a consideration made an issue for determination by the jury. Plaintiff submitted in due time a written request to the court to instruct the jury that "Whatever a deed recites as to its consideration, the consideration may be inquired into and proved by other evidence; and if you find that there was no actual valuable consideration for the deed from H. C. White to his daughter, the claimant, you would find it to be voluntary and void as against the plaintiff, Savannah Guano Company." This was a proper charge and should have been given, as there was no evidence to show that the plaintiff at the time of the execution of the mortgage had actual notice of the existence of the deed from the defendant in fi. fa. to the claimant.

3. The court charged the jury, in part, as follows: "If you find from the evidence, as I have heretofore instructed you, that Mrs. Christian, the claimant, had a deed from her father, H. C. White, and had possession of it, having a tenant occupying the premises in controversy at the date of the execution of the mortgage-note by her father to the Guano Company, the plaintiff in fi. fa., in that event you would find for Mrs. Christian, the claimant,

unless you should find from the evidence that Mrs. Christian, the claimant, told Mr. Haygood, the attorney for the plaintiff in fi. fa., that she did not own the property." This charge was erroneous in that it excluded from consideration by the jury the plaintiff's contention that claimant was estopped, except in the event that the claimant told the attorney for the plaintiff in fi. fa., when he was negotiating with the mortgagor for a mortgage on the land, that "she did not own the property," when, as a matter of law, if she was present when the attorney for the plaintiff was negotiating with the mortgagor in endeavoring to obtain from him security for the debt due his client, and heard the conversation and knew that the negotiations related to the land that she is now claiming, and knew that the mortgagor was representing to plaintiff's attorney that he owned the land and that he was offering to give a mortgage upon it to secure the debt referred to, and that the plaintiff's attorney then agreed to take this mortgage, and she said nothing to apprise the attorney that she was the owner of the land and had a deed thereto, but remained quiet, knowing that the attorney was about to accept for his client a mortgage upon this property, she would be estopped by her conduct, if the circumstances were such as to require her to speak out and give notice of her claim of title. Moreover, this charge excluded from consideration by the jury plaintiff's contention that the deed to claimant was a voluntary deed; and also deprived plaintiff of the benefit of the record of its mortgage, which was prior to the record of the deed, which would give plaintiff priority of lien, plaintiff having acted, as it contends, in good faith and without knowledge (Civil Code, § 3320) ; for it is in question whether or not the claimant was in possession of the land at the time of the execution of the mortgage. And a charge of the court excluding from consideration by the jury contentions of a party to the cause on trial as to material issues, in support of which evidence has been introduced, is ground for the grant of a new trial.

And for similar reasons the court should not have charged the jury: "Should you find from the evidence, as I have heretofore instructed you, that at the time of the execution of plaintiff's mortgage Mrs. Christian, the claimant, was in possession of the property by her tenant, and that she had a deed from her father, then in that event you should find the property not subject, unless you further find that she is estopped from asserting her title." This charge

tended to exclude from consideration by the jury the question as to whether the deed to the claimant from her father was a valid and bona fide deed for a valuable consideration, and not merely a voluntary conveyance.

The other instructions given by the court, which are advanced as grounds for a new trial, are not erroneous for the reasons assigned.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I concur in the conclusion reached by the court; but I can not agree that any certain named set of circumstances may, as a matter of law, estop one who silently stands by and hears statements made by entire strangers, as to the title to her property, from thereafter asserting her rights. The rule dealt with in this case is not the same as applies to purchasers and those standing by at judicial sales, for obvious reasons.