### 27713. ALLGOOD v. ALLGOOD.

UNDERCOFLER, Justice. This appeal is from an adverse jury verdict and judgment on a counterclaim to set aside a deed. The principal issue is delivery of the deed. The grantor committed suicide on August 30, 1965. The deed was delivered by registered mail to the grantee on or before September 2, 1965. The envelope in which the deed was mailed is postmarked August 30, 1965. The deed conveys a one-half interest and this litigation arose when the grantee therein brought an action for partition against the grantor's widow who owns the other one-half interest. *Held:*

1. Delivery of a deed is complete against a grantor when it passes out of his control with the intention that it shall be transmitted to the grantee although it is not received and accepted by the grantee until after the death of the grantor. *O'Neal v. Brown,* 67 Ga. 707 (2); *Ham v. Preston,* 164 Ga. 682 (3) (139 SE 421). In the instant case the jury's finding of a valid delivery is authorized by evidence of the postmark, the addressing of the envelope in the handwriting of the grantor, and the fact that the grantor and grantee were brothers who had purchased the property in 1957 under an oral agreement that the grantee would provide labor for his one-half interest which was to be conveyed to him later and which was subsequently conveyed to him by the

subject deed. *Lowry v. Lowry,* 150 Ga. 324 (2) (103 SE 813); *Willingham v. Smith,* 151 Ga. 102 (2) (106 SE 117); *Morris v. Morris,* 171 Ga. 642 (1) (156 SE 256).

2. There is evidence that the grantor suffered violent headaches which may have influenced his action in taking his own life. However, the evidence of his mental competence is ample to support the verdict.

3. The evidence shows that the grantor executed the deed on August 28, 1965. It was witnessed by two persons, one of whom was a notary public. It was recorded September 2, 1965. The notary public testified at the trial. The other witness was not produced. Attestation of a deed only affects its recordability. *Budget Charge Accounts v. Peters,* 213 Ga. 17 (4) (96 SE2d 887); Powell, Actions for Land (1946) p. 186, § 181; Pindar, Ga. Real Est. Law, p. 628, § 19-53. There was no error in admitting the deed into evidence. See also Code § 29-415 which authorizes a registered deed to be admitted in evidence without further proof in the absence of an issue of forgery.

4. The trial court did not err in refusing to charge the jury on confidential relationship and in refusing to charge, "great inadequacy for consideration, joined with great disparity of mental ability in contracting a bargain, may justify the setting aside of a sale or other contract." The evidence shows that the two brothers purchased the property in 1957 upon an agreement that the grantee here would furnish labor for his one-half interest. Among other things, the grantee spent an entire year working on and improving the property. There is no evidence that the grantee exercised any influence over the will of the grantor. There is no evidence of any disparity of mental ability. The deed was drawn at the request of the grantor and he was competent when it was executed.

5. The trial court did not err in his instructions to the jury as to the manner of rendering its verdict.

*Judgment affirmed. All the Justices concur.*
ARGUED FEBRUARY 13, 1973 — DECIDED MARCH 8,
1973 — REHEARING DENIED MARCH 22, 1973.

*McCurdy, Candler & Harris, George H. Carley, Dennis J. Mock,* for appellant.
*Ballard & Thigpen, W. D. Ballard,* for appellee.